IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

—————————

No. 99-40879
Summary Calendar

—————————

ELISTON GEORGE,

Petitioner-Appellant,

versus

PERCEY PITZER, Warden; BUREAU OF PRISONS,

Respondents-Appellees.

————————————————————————————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:98-CV-1750

————————————————————————————

December 6, 2000

Before POLITZ, HIGGINBOTHAM, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Eliston George, federal prisoner # 39556-066, appeals the dismissal of his 28

U.S.C. § 2241 petition, contending that he was denied a fair trial because the trial court

impermissibly lowered the Government's burden of proof on the issue of malice

aforethought. He maintains that 28 U.S.C. § 2255 is ineffective to test the legality of

his detention because the Antiterrorism and Effective Death Penalty Act (AEDPA) bars

—————————

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

him from obtaining relief based on new, retroactive cases decided after his prior § 2255 motions were denied. George relies on the decisions in <u>Sandstrom v. Montana</u>, 442 U.S. 510 (1979), and <u>Sullivan v. Louisiana</u>, 508 U.S. 275 (1993). He also asserts that in light of an allegedly flawed malice-aforethought jury instruction he is actually innocent of committing murder in the first degree. George contends that the district court erred in construing two letters that he filed as § 2255 motions. This issue is raised for the first time on appeal and we do not consider it.[1]

The Third Circuit denied George's request to file a successive § 2255 motion raising his improper-jury-instruction claim. George has not established that § 2255 was inadequate or ineffective to challenge his detention and his attempt to circumvent the AEDPA's provisions by filing a § 2241 petition is without merit.[2]       Accordingly, the judgment of the district court is AFFIRMED.

---

[1]<u>Leverette v. Louisville Ladder Co.</u>, 183 F.3d 339, 342 (5th Cir. 1999), <u>cert. denied</u>, 120 S. Ct. 982 (2000).

[2]<u>Kinder v. Purdy</u>, __ F.3d __ (5th Cir. Aug. 9, 2000, No. 99-41459), 2000 WL 1126401 at *3; <u>Tolliver v. Dobre</u>, 211 F.3d 876, 878 (5th Cir. 2000).