REVISED - September 14, 2000

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 99-41459

_____


DAVID KINDER

                              Petitioner - Appellant

     v.

MICHAEL A PURDY

                         Respondent - Appellee

_____

          Appeal from the United States District Court
              for the Southern District of Texas
_____

                       August 9, 2000

Before KING, Chief Judge, and REYNALDO G. GARZA and PARKER,
Circuit Judges.

PER CURIAM:

     Petitioner-Appellant David Kinder appeals from the lower

court's dismissal of his 28 U.S.C. § 2241 petition for a writ of

habeas corpus.  Because we determine that the dismissal was

proper, we affirm.



          I.  FACTUAL AND PROCEDURAL BACKGROUND

     This is the fourth time that Petitioner-Appellant David

Kinder is before us.  We have recounted the facts pertinent to

his conviction in published opinions from his direct appeal, see United States v. Kinder, 946 F.2d 362, 365 (5th Cir. 1991), cert. denied, 503 U.S. 987 (1992); United States v. Kinder, 980 F.2d 961, 962 (5th Cir. 1992), cert. denied, 508 U.S. 923 (1993), and so do not repeat ourselves here.  In brief, in 1990, Kinder was convicted, pursuant to a guilty plea, of conspiracy to possess more than 100 grams of methamphetamine with intent to distribute. He was sentenced as a career offender under U.S.S.G. § 4B1.1 and given a term of 400 months in prison.

After Kinder's conviction and sentence became final, we determined that in defining § 4B1.1's "controlled substance offenses" to include drug conspiracies, the Sentencing Commission had exceeded its authority as its definition was broader than the definition provided in 28 U.S.C. § 994(h), the provision under which the Commission had claimed authority for its action.  See United States v. Bellazerius, 24 F.3d 698, 700-02 (5th Cir. 1994).  We noted that the Commission could have exercised its authority under § 994(a)-(f) and defined "controlled substance offenses" to include conspiracies, but that it had not, in fact, done so.  See id. at 701-02.  Because Kinder had been convicted of conspiracy and had had the Sentencing Guidelines' career offender provisions applied, he filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, and argued that under Bellazerius, his drug conspiracy conviction could not support application of § 4B1.1.  The district court

denied relief, and we subsequently affirmed that decision in an unpublished opinion.  See United States v. Kinder, No. 95-50139, at 1-6 (5th Cir. Oct. 12, 1995).  We held that Kinder's Bellazerius claim, which challenged the trial court's technical misapplication of the Sentencing Guidelines, was not cognizable in a § 2255 motion.  See id. at 2-3.

On January 12, 1999, Kinder filed a motion pursuant to 28 U.S.C. § 2241 in the United States District Court for the Southern District of Texas, Corpus Christi Division.  Judge H.W. Head, Jr. construed Kinder's motion as a challenge to the imposition and terms of his sentence, and as a result, transferred the case to the sentencing court, the United States District Court for the Western District of Texas, Waco Division. Determining that Kinder's claim was identical to his prior § 2255 motion, Judge Walter S. Smith, Jr. dismissed the motion on July 30, 1999.

Kinder's second § 2241 petition, again filed in the United States District Court for the Southern District of Texas, Corpus Christi Division, fared no better below.  Judge Head, considering Kinder's argument that his Bellazerius claim is cognizable under § 2241 because the remedy under § 2255 is inadequate or ineffective, determined that Kinder had failed to demonstrate that he had "'no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first § 2255 motion.'"

3

Order of Dismissal, R. at 5 (quoting In re Davenport, 147 F.3d 605, 610 (7th Cir. 1998)).  As a result, Judge Head perceived the petition as an attempt to circumvent the rule against successive § 2255 motions, and on November 23, 1999, dismissed it.  Kinder timely appeals.

## II.  DISCUSSION

At the heart of Kinder's challenge is his claim that because his sentence was determined through the Sentencing Guideline's application of career offender provisions to those convicted only of conspiracy, and because such an application was subsequently declared to lie outside the Sentencing Commission's claimed authority, see Bellazerius, 24 F.3d at 700-02, he is now incarcerated and detained illegally.  Kinder argues that the court below erred in dismissing his § 2241 petition because, as he is challenging the legality of his detention, his petition was properly brought pursuant to that provision.  Connected to this argument is Kinder's contention that application of the amended Sentencing Guidelines would violate the Ex Post Facto Clause.[1]

_____

[1]  As we described in United States v. Lightbourn, 115 F.3d 291 (5th Cir. 1997), after our decision in Bellazerius, the Sentencing Commission amended the Background Commentary to § 4B1.1 to alter the source of authority from strict reliance on 28 U.S.C. § 994(h) to reliance on the "general guideline promulgation authority within 28 U.S.C. § 994(a)-(f)." 115 F.3d at 292-93.  This change, which became effective on November 1, 1995, eliminated the concerns we expressed in Bellazerius.  See Lightbourn, 115 F.3d at 293.  As a result of the amendment, "[t]he Sentencing Commission has now lawfully included drug

4

Alternatively, Kinder argues that dismissal was improper because he is entitled to § 2241 relief as § 2255 offers an inadequate and ineffective remedy.  We review a district court's dismissal of a § 2241 petition on the pleadings de novo.  See Venegas v. Henman, 126 F.3d 760, 761 (5th Cir. 1997).

As we recently noted, "[a] section 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration, and must be filed in the same district where the prisoner is incarcerated."  Pack v. Yusuff, — F.3d —, 2000 WL 942919, at *2 (5th Cir. July 10, 2000).  Although he characterizes his claim as a challenge to the legality of his detention, Kinder actually attacks the manner in which his sentence was determined.  Underlying his argument is the notion that his detention would not be "illegal" had his sentence been determined in accordance with Bellazerius, i.e., career offender provisions had not been applied.  Because Kinder challenges the manner in which his sentence was initially determined, he must seek post-conviction relief under § 2255.  See Pack, 2000 WL 942919, at *2 ("Relief under section 2255 is warranted for errors cognizable on collateral review that occurred 'at or prior to

---

conspiracies in the category of crimes triggering classification as a career offender under § 4B1.1 of the Sentencing Guidelines."  Id.  Because we do not attempt to apply these amendments to Kinder, we do not address his argument that such an application would violate the Ex Post Facto Clause.

sentencing'." (quoting <u>Cox v. Warden</u>, <u>Fed. Detention Ctr.</u>, 911 F.2d 1111, 1113 (5th Cir. 1990))). Such motions must be filed in the sentencing court. <u>See</u> <u>id.</u>

"A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." <u>Pack</u>, 2000 WL 942919, at *2. Because Kinder did not file his motion in the sentencing court, construing his § 2241 motion as a § 2255 motion will not alter the end result — dismissal — unless Kinder can demonstrate that his case falls within § 2255's "savings clause," i.e., that "the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; <u>see</u> <u>Pack</u>, 2000 WL 942919, at *3; <u>McGhee v. Hanberry</u>, 604 F.2d 9, 10 (5th Cir. 1979).

Kinder presents three arguments for why § 2255 relief is inadequate or ineffective. First, he contends that he is actually innocent of being a § 4B1.1 career offender. Second, he asserts, correctly, that he cannot present his claim under <u>Bellazerius</u> because we have held that Kinder and other individuals who were sentenced prior to our decision in that case can not use that decision to vacate their sentences through a § 2255 motion. <u>See</u> <u>United States v. Williamson</u>, 183 F.3d 458, 462 (5th Cir. 1999); <u>Kinder</u>, No. 95-50139, at 2-3. Finally, he states that he cannot satisfy the requirements of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"),

6

Pub. L. No. 104-132, 110 Stat. 1214, because any § 2255 motion now filed would be considered a successive petition.

As we have previously noted, "a prior unsuccessful § 2255 motion is insufficient, in and of itself, to show the inadequacy or ineffectiveness of the remedy." McGhee, 604 F.2d at 10. The fact that any of Kinder's subsequently filed § 2255 motions likely will be considered successive petitions and barred under AEDPA is also insufficient to render § 2255 an inadequate or ineffective remedy. See Pack, 2000 WL 942919, at *3. "A ruling that the section 2255 remedy was inadequate or ineffective, such that a petitioner could invoke section 2241, simply because the petitioner's prior section 2255 motion was unsuccessful, or barred, or because he could not file another motion, would render [§ 2255's and § 2244's] procedural requirements a nullity and defy Congress's clear attempt to limit successive habeas petitions." Id. This leaves Kinder's "actual innocence" argument.

Habeas corpus relief is extraordinary and "is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992). Because we issued our opinion in Bellazerius subsequent to affirmance on appeal of Kinder's conviction and sentence, he could not have raised the issue on direct appeal. He argues that

7

condoning the injury — the improper enhancement of his sentence — would result in a "complete miscarriage of justice" because he is actually innocent of being a career offender in light of Bellazerius.

Claims of actual innocence have been recognized by some courts as being possible bases for review under § 2241 when § 2255's restrictions foreclose subsequent petitions. See, e.g., Cooper v. United States, 199 F.3d 898, 901 (7th Cir. 1999); Triestman v. United States, 124 F.3d 361, 377-80 (2d Cir. 1997); see generally Wofford v. Scott, 177 F.3d 1236, 1242-44 (11th Cir. 1999) (describing various courts' approaches to the question of when a case may fall under § 2255's savings clause). Kinder's argument that he is actually innocent of being a career offender in light of Bellazerius, however, is not the type of argument that courts have recognized may warrant review under § 2241. Recent cases examining the scope of § 2255's savings clause have done so because of the Supreme Court's decision in Bailey v. United States, 516 U.S. 137 (1995). See In re Davenport, 147 F.3d 605 (7th Cir. 1998); Triestman, 124 F.3d 361; In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997); In re Vial, 115 F.3d 1192 (4th Cir. 1997) (en banc). Where the petitioner's case has been viewed as falling within the savings clause, it was in part because the petitioner arguably was convicted for a nonexistent

offense.[2]  See Davenport, 147 F.3d at 611; Dorsainvil, 119 F.3d at 251; Triestman, 124 F.3d at 363.  Thus, in each case, the petitioner could claim he was actually innocent of the crime of which he was convicted.  In contrast, Kinder argues that, under Bellazerius, his conviction of conspiracy cannot support application of the Guidelines' career offender provisions.[3]  He makes no assertion that he is innocent of the crime for which he was convicted.

As we noted above, Kinder raised a claim under Bellazerius in his first § 2255 motion.  We rejected Kinder's claim, holding that it was not cognizable under § 2255.  See Kinder, No. 95-50139, at 2-3.  Relying on § 2255's savings clause, he now seeks a determination that he is entitled to have the merits of his claim reviewed under § 2241.

We note that the scope of the § 2255 remedy is no different from the scope of the § 2241 remedy.  See Wofford, 177 F.3d at 1239 ("There was no intent to make the § 2255 remedy any different in scope from the habeas remedy that had previously

---

[2]  Bailey, a retroactively applicable Supreme Court decision, interpreted 18 U.S.C. § 924(c)(1) narrowly, with the result that those convicted of violating § 924(c)(1) in circuits employing a broader interpretation of the statute could arguably be said to have been convicted for a nonexistent offense.  See Davenport, 147 F.3d at 611.

[3]  In our opinion affirming the district court's dismissal of Kinder's § 2255 motion, we noted that Kinder "has a history of criminal behavior including six prior convictions for various offenses."  See Kinder, No. 95-50139, at 1 n.1.

9

been available to [federal prisoners]:  'On the contrary, the sole purpose was to minimize the difficulties encountered in habeas corpus hearings by affording the same rights in another and more convenient forum.'" (quoting United States v. Hayman, 342 U.S. 205, 219 (1952))).  In effect, Kinder attempts to use the fact that relief under § 2255 has been denied to obtain a decision contrary to our prior holdings, including the holding in his case, that individuals sentenced as career offenders prior to Bellazerius cannot use that decision to obtain habeas relief. See Williamson, 183 F.3d at 462.  Section 2241 is simply not available to prisoners as a means of challenging a result they previously obtained from a court considering their petition for habeas relief.

### III.  CONCLUSION

Because Kinder has not demonstrated that his case falls within § 2255's savings clause, we affirm the district court's dismissal of his § 2241 petition.