IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-10029
Conference Calendar

_____

CONCHITA WASHINGTON,

                                        Petitioner-Appellant,

versus

JOSEPH B. BOGAN, Warden of
Federal Medical Center Carswell,

                                        Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:00-CV-1762-Y
--------------------
August 22, 2001

Before KING, Chief Judge, and POLITZ and PARKER, Circuit Judges.

PER CURIAM:[*]

Conchita Washington, federal prisoner #14826-039, appeals the district court's dismissal of her 28 U.S.C. § 2241 petition, in which she sought to raise a challenge to the legality of her sentence. A 28 U.S.C. § 2241 petition that attacks custody resulting from a federally imposed sentence may be entertained if the petitioner establishes that the remedy provided for under 28 U.S.C. § 2255 is inadequate or ineffective to test the legality

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of her detention.  <u>Reyes-Requena v. United States</u>, 243 F.3d 893, 904 (5th Cir. 2001).

Washington argues that her claims were properly brought in a 28 U.S.C. § 2241 petition because relief under 28 U.S.C. § 2255 is inadequate as she cannot meet the requirements for filing a successive 28 U.S.C. § 2255 motion.  However, a prior unsuccessful 28 U.S.C. § 2255 motion, or the inability to meet the AEDPA's second or successive requirement does not make 28 U.S.C. § 2255 inadequate or ineffective.  <u>Tolliver v. Dobre</u>, 211 F.3d 876, 878 (5th Cir. 2000).

Although Washington purports to rely on <u>Bailey v. United States</u> 516 U.S. 137 (1995), and seems to raise a challenge to her sentence that implicates <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), the true nature of Washington's argument is that the Sentencing Guidelines were incorrectly applied in her case.  Such a challenge to a sentence is not cognizable in a 28 U.S.C. § 2255 motion because she has not shown that her claims are based on a retroactively applicable Supreme Court decision establishing that the movant may have been convicted of a nonexistent offense and that was foreclosed by circuit law at the time when the claims should have been raised in the movant's trial, appeal, or first 28 U.S.C. § 2255 motion.  <u>See</u> <u>Reyes-Requena</u>, 243 F.3d at 904.

We also reject Washington's claim of actual innocence.  The true nature of her argument is not one of actual innocence, but of the impropriety of her sentence.  Thus, relief cannot be sought by way of a 28 U.S.C. § 2241 petition.  <u>See</u> <u>Kinder v.</u>

<u>Purdy</u>, 222 F.3d 209, 213-24 (5th Cir. 2000), <u>cert. denied</u>, 121 S.
Ct. 894 (2001).

The district court did not err in determining that
Washington had failed to show that relief under 28 U.S.C. § 2255
was inadequate and did not err in dismissing her 28 U.S.C. § 2241
petition.  Accordingly, the judgment is AFFIRMED.  Washington's
motion to expedite the appeal is DENIED.