IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-40445
Conference Calendar
_____

FREDY ZAPATA-ROSA,

                                        Petitioner-Appellant,

versus

JONATHON DOBRE, Warden,

                                        Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:00-CV-362
--------------------
February 20, 2002

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

     Fredy Zapata-Rosa, federal prisoner number 56777-079,
appeals from the district court's dismissal of his 28 U.S.C.
§ 2241 petition for a writ of habeas corpus.  After a de novo
review, we affirm.

     Zapata-Rosa argues that his petition should have been
permitted under 28 U.S.C. § 2241 because 28 U.S.C. § 2255
provides an inadequate or ineffective remedy.  He first argues
that his conspiracy conviction was improperly enhanced, and he is
therefore actually innocent of the enhancement, under our

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

decision in <u>United States v. Bellazerius</u>, 24 F.3d 698 (5th Cir. 1994), which was decided after Zapata-Rosa was sentenced. We have already rejected a similar argument that <u>Bellazerius</u> permits a 28 U.S.C. § 2241 petition. <u>See</u> <u>Kinder v. Purdy</u>, 222 F.3d 209, 213-14 (5th Cir. 2000), <u>cert.</u> <u>denied</u>, 121 S. Ct. 894 (2001). Zapata-Rosa also argues that 28 U.S.C. § 2255 is ineffective because it was not validly enacted into law by Congress. This argument is frivolous. <u>See</u> Act of June 25, 1948, ch. 646, 62 Stat. 967 (1948). Finally, Zapata-Rosa argues for the first time under <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), that his sentence was improper and that 21 U.S.C. § 841 is unconstitutional. We do not review a new claim raised for the first time on appeal. <u>See</u> <u>Leverette v. Louisville Ladder Co.</u>, 183 F.3d 339, 342 (5th Cir. 1999), <u>cert.</u> <u>denied</u>, 528 U.S. 1138 (2000).

AFFIRMED.