**F I L E D**
**United States Court of Appeals**
**Fifth Circuit**

**JUL 19 2002**

Charles R. Fulbruge
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 02-40163
Summary Calendar

———————————

MARK A. COUSINS,

                                        Petitioner-Appellant,

versus

ERNEST V. CHANDLER, Warden;
UNITED STATES OF AMERICA,

                                        Respondents-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:01-CV-898
--------------------

Before JOLLY, HIGGINBOTHAM and STEWART, Circuit Judges.

PER CURIAM:[*]

    Mark A. Cousins, federal inmate #43109-019, appeals the

district court's dismissal of his 28 U.S.C. § 2241 petition.

Cousins contends that his petition satisfied the criteria

established in Reyes-Requena v. United States, 243 F.3d 893, 904

(5th Cir. 2001), and he was entitled to proceed under the

"savings clause" of 28 U.S.C. § 2255.

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Specifically, Cousins asserts that he was indicted under 18 U.S.C. § 924(c)(1)(A), which is silent regarding enhanced sentences for second or subsequent firearms offenses and that he was convicted and sentenced under 28 U.S.C. § 924(c)(1)(C), which provides enhanced sentences for second or subsequent offenses. Cousins argues that the enhanced sentences are elements of the offenses that were not charged in the indictment and that were not submitted and proved to the jury.

Cousins has abandoned the issues that he raised in the district court concerning his 18 U.S.C. § 2113 convictions, the district court's jurisdiction, and the jury charge by failing to assert them in this court. Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

We review the dismissal of a 28 U.S.C. § 2241 petition on the pleadings de novo. Kinder v. Purdy, 222 F.3d 209, 211 (5th Cir. 2000), cert. denied, 531 U.S. 1132 (2001). The district court may entertain a 28 U.S.C. § 2241 petition that challenges custody resulting from a federal sentence if the petitioner satisfies the requirements of the 28 U.S.C. § 2255 "savings clause." Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir.), cert. denied, 122 S. Ct. 476 (2001). To do so, a petitioner must show first that his claim is based "on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense." Id. (citation and quotations omitted). The petitioner thus must show actual

innocence, and actual innocence in this sense requires a showing that the petitioner may have been imprisoned for conduct that did not constitute a crime. Id. at 830, 831.

Cousins' argument is based on the current version of 18 U.S.C. § 924(c)(1), although he was convicted in 1993. The 1993 version of the statute did not contain the designated subsections upon which Cousins' argument is based.

The true nature of Cousins' claim is not actual innocence; he is challenging the propriety of his sentences. Relief on such claims cannot be sought by way of a 28 U.S.C. § 2241 petition. See Kinder v. Purdy, 222 F.3d 209, 211 (5th Cir. 2000), cert. denied, 531 U.S. 1132 (2001). Furthermore, although Cousins relies on Apprendi v. New Jersey, 530 U.S. 466, 488 (2000), as support for his position, he cannot show an Apprendi violation. See United States v. Garcia, 242 F.3d 593, 599 (5th Cir. 2001). Cousins' 20-years sentences for his second and subsequent firearms conviction were within the statutory minimum. See 18 U.S.C. § 924(c)(1)(C). The judgment of the district court is AFFIRMED.