IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-11147
Summary Calendar

JOHN D WALKER

Petitioner - Appellant

v.

UNITED STATES OF AMERICA

Respondent - Appellee

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:02-CV-668
USDC No. 4:92-CR-128-A
--------------------
February 4, 2003

Before KING, Chief Judge, and DeMOSS and BENAVIDES, Circuit
Judges.

PER CURIAM:[*]

John D. Walker, federal inmate # 23826-077, appeals the

dismissal of his 28 U.S.C. § 2241 petition. Walker was convicted

following entry of guilty pleas to charges of interference with

commerce by robbery in violation of 18 U.S.C. § 1951 and use of a

firearm during a crime of violence in violation of 18 U.S.C.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

§ 924(c).  He was sentenced to serve a total of 196 months'
imprisonment and three years' supervised release.

Walker contends that the district court erred by dismissing
his 28 U.S.C. § 2241 petition on procedural grounds without
considering the merits of the issues.  He asserts that his
petition arose properly under 28 U.S.C. § 2241 and should not
have been construed under 28 U.S.C. § 2255.  He argues that 28
U.S.C. § 2255 does not provide an adequate and effective remedy.
Walker contends that he is legally innocent of the sentence that
he received because 18 U.S.C. § 1951 does not authorize
sentencing enhancements based on relevant conduct.

We review the district court's legal conclusions de novo.
Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir.), cert. denied,
122 S. Ct. 476 (2001).  Section 2255, 28 U.S.C., is used to
collaterally attack a federal conviction and sentence based on
errors that occurred at trial or at sentencing whereas 28 U.S.C.
§ 2241 is used to challenge the manner in which a sentence is
executed.  Id.

Under the savings clause of 28 U.S.C. § 2255, a 28 U.S.C.
§ 2241 petition that attacks custody resulting from a federally
imposed sentence may be entertained if the petitioner establishes
that the remedy provided under 28 U.S.C. § 2255 is inadequate or
ineffective to test the legality of his detention.  Id.  To do
so, the petitioner must establish (1) actual innocence, i.e.,
that he has been imprisoned for conduct that did not constitute a

crime, and (2) that his claims were "'foreclosed by circuit law at the time when the claims should have been raised in his trial, appeal, or first § 2255 motion.'" Id. at 830, 831. Actual innocence is shown by demonstrating that the claim is based on retroactively applicable Supreme Court law that establishes that the petitioner was convicted of a nonexistent offense. Id.

Walker has not made the required showing. Walker argues that he is innocent of enhancements that were applied at sentencing. Walker's claim is foreclosed by our opinion in Kinder v. Purdy, 222 F.3d 209, 213-14 (5th Cir. 2000), cert. denied, 531 U.S. 1132 (2001). Walker's 28 U.S.C. § 2241 petition was properly construed as a successive 28 U.S.C. § 2255 motion and dismissed. Accordingly, the district court's judgment is AFFIRMED. Walker's motion for appointment of counsel is DENIED.