United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 13, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 03-10727
Summary Calendar

———————————————

STEVEN M. GRIGGS,

Petitioner-Appellant,

versus

L.E. FLEMING, Warden, Federal
Medical Center-Fort Worth,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:03-CV-00199
--------------------

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Stephen M. Griggs, federal prisoner # 22276-044, challenges

the dismissal for failure to state a claim of his 28 U.S.C.

§ 2241 habeas petition seeking immediate release, renewing his

argument that President Clinton intended to grant him clemency.

He urges that, because President Clinton allegedly wrote a note

evidencing an intent to pardon him, the fact that he was not

actually pardoned shows that the clemency process was somehow

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

adulterated, which violated his constitutional rights, specifically, his right to due process. Griggs additionally contends that further fact finding is required to determine why the President's intention was frustrated and urges that dismissal prior to discovery was thus inappropriate.

This court reviews de novo a district court's dismissal of a § 2241 petition on the pleadings. See Kinder v. Purdy, 222 F.3d 209, 212 (5th Cir. 2000). To obtain federal habeas relief, a petitioner must show a federal constitutional violation. 28 U.S.C. § 2241(c)(3). Griggs has made no such showing. As he apparently concedes, Griggs has not actually received a Presidential pardon, and he has no constitutional right to such pardon. See Connecticut Bd. of Pardons v. Dumschat, 452 U.S. 458, 464-67 (1981); see also 28 C.F.R. § 1.11. Because Griggs had no constitutional right to a Presidential pardon, he was not entitled to due process in connection with the procedure by which his petition for a pardon was considered. See id. Griggs cites no relevant authority to the contrary. His argument that discovery was required prior to dismissal is unpersuasive because the issue on which he sought discovery, the reason why President Clinton did not pardon him, is irrelevant. The district court's judgment is AFFIRMED.