United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 17, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-30896
Conference Calendar

MARK ANTHONY COUSINS,

Petitioner-Appellant,

versus

ROBERT M. TAPIA,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 03-CV-746
--------------------

Before HIGGINBOTHAM, EMILIO M. GARZA, and PRADO, Circuit Judges.

PER CURIAM:*

Mark Anthony Cousins, federal inmate #43109-019, appeals the district court's dismissal of his 28 U.S.C. § 2241 petition. In his petition, Cousins argued that the sentencing court unconstitutionally varied the indictment, which charged Cousins with violating 18 U.S.C. §§ 924(c) and 2113 (a) and (d). He also averred that his sentence should be modified pursuant to Amendment 599 to the Sentencing Guidelines because the weapons enhancement he received under U.S.S.G. § 2B3.1(b)(2) and the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentence he received for the 18 U.S.C. § 924(c) counts constituted duplicative punishment for the same offense conduct.

Cousins contends that his petition satisfied the criteria established in Reyes-Requena v. United States, 243 F.3d 893 (5th Cir. 2001), and that he was entitled to proceed under the "savings clause" of 28 U.S.C. § 2255. Cousins has not met his burden of showing that he meets the requirements for filing a 28 U.S.C. § 2241 petition under the savings clause of 28 U.S.C. § 2255. He has failed to point to a retroactively applicable Supreme Court decision which establishes that he may have been imprisoned for conduct that was not prohibited by law. Nor has he shown that his claims were foreclosed by circuit law at the time of his conviction, appeal, or prior 28 U.S.C. § 2255 motion. See id. at 903-04. The true nature of Cousins' claims is not actual innocence; he is challenging the propriety of his sentences. Relief on such claims cannot be sought by way of a 28 U.S.C. § 2241 petition. See Kinder v. Purdy, 222 F.3d 209, 211 (5th Cir. 2000). Accordingly, the judgment of the district court is affirmed.

AFFIRMED.