United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 21, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-30402
Summary Calendar

DANIEL TUMMINS,

Petitioner-Appellant,

versus

FREDRICK MANIFEE,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:05-CV-2204
--------------------

Before JONES, Chief Judge, and JOLLY and OWEN, Circuit Judges.

PER CURIAM:[*]

Daniel Tummins, federal prisoner # 15437-180, appeals the district court's dismissal of his 28 U.S.C. § 2241 habeas petition. Tummins pleaded guilty in 2001 to possession of materials to manufacture methamphetamine, and he was sentenced to probation for a term of three years.

On November 10, 2004, Tummins's probation was revoked, and he was remanded that day to the Bureau of Prisons (BOP) for 15 months of incarceration. Tummins also pleaded guilty to methamphetamine possession in a separate criminal proceeding, and

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

on April 6, 2005, he was sentenced on that charge to be imprisoned for a term of 60 months to run concurrent to the 15-month sentence for probation revocation.

The BOP determined that his 60-month sentence did not begin until it was imposed on April 6, 2005, and that the four months and 27 days he had already served since November 10, 2004, would not reduce the 60-month period of imprisonment. Tummins argues that the start of his 60-month sentence was retroactive to November 10, 2004.

This court "review[s] a district court's dismissal of a § 2241 petition on the pleadings de novo." Kinder v. Purdy, 222 F.3d 209, 212 (5th Cir. 2000). To obtain federal habeas relief, a petitioner must show a violation of his federal rights. § 2241(c)(3). Tummins has failed to come forward with any evidence showing that the district court intended for his 60-month sentence to have begun retroactively on November 10, 2004. Accordingly, we affirm the dismissal of his § 2241 petition.

AFFIRMED.