United States Court of Appeals
Fifth Circuit

**F I L E D**

August 21, 2007

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-10295
Conference Calendar

DARRYL WAYNE HARTFIELD

Petitioner-Appellant

v.

DAN JOSLIN, Warden, Federal Correctional Institution, Seagoville, Texas

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:05-CV-1709

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Darryl Wayne Hartfield, federal prisoner # 23121-077, appeals the district court's dismissal of his 28 U.S.C. § 2241 petition, in which he challenged the enhancement of his sentence based on prior burglary and attempted burglary convictions under the Armed Career Criminal Act, 18 U.S.C. § 924(e), and the career offender guideline, U.S.S.G. § 4B1.1. Hartfield argues that he is actually innocent of the sentence enhancement because his prior attempted burglary

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

conviction is not a "crime of violence" for purposes of § 924(e) and § 4B1.1 and further argues that his counsel was ineffective in failing to challenge the enhancement of his sentence.

In order to satisfy the criteria of the 28 U.S.C. § 2255 savings clause, Hartfield must show that his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense and that the claim was foreclosed by circuit law at the time when it should have been raised at trial, on appeal, or in an initial § 2255 motion.  See Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001). Hartfield has not made the requisite showing.  See Kinder v. Purdy, 222 F.3d 209, 213-14 (5th Cir. 2000).  Accordingly, the district court's dismissal of Hartfield's § 2241 petition is AFFIRMED.