# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 08-60105
Conference Calendar

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 21, 2008

Charles R. Fulbruge III
Clerk

JOHN ROBERT LEIDECKER

Petitioner-Appellant

v.

CONSTANCE REESE, Warden

Respondent-Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 5:07-CV-192

Before KING, BARKSDALE, and OWEN, Circuit Judges.

PER CURIAM:[*]

John Robert Leidecker, federal prisoner # 66326-004, appeals the dismissal of his 28 U.S.C. § 2241 petition challenging the sentence imposed following his guilty plea conviction under 21 U.S.C. § 841. In his petition, Leidecker asserted that the term of supervised release he received, imposed in addition to his term of imprisonment, is unlawful and violates the Double Jeopardy Clause. He further asserted that the 60-month term of supervised release must run concurrently with his 120-month term of imprisonment, so that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

his total imprisonment could not exceed 120 months.  He requested that the Bureau of Prisons (BOP) be ordered to recalculate his prison term based on his claims and that the term of supervised release be invalidated.

The district court determined that the claims should have been brought in a 28 U.S.C. § 2255 motion in the Southern District of Florida, which imposed the sentence, and it thus dismissed the petition for lack of jurisdiction.  We review the dismissal de novo.  Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000).

Leidecker contends that his claims were properly brought under § 2241 as he challenges the manner in which his sentence is being executed by the BOP, as evidenced by the fact that he seeks relief in the form of an order directing the BOP to recalculate his sentence.  However, because his claims rely on the underlying assertion that a term of supervised release was unauthorized, the district court did not err in determining that Leidecker's challenge to the validity of his sentence presented a claim arising under § 2255.  See Kinder v. Purdy, 222 F.3d 209, 212 (5th Cir. 2000).  Leidecker makes no argument that he qualifies for relief under § 2255's savings clause.  The district court's dismissal is therefore AFFIRMED.