# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 19, 2010

No. 09-10690
Summary Calendar

Charles R. Fulbruge III
Clerk

DIEGO EMILIO MORENO-GOMEZ,

Petitioner-Appellant

v.

DOUGLAS HALL, Warden Eden Detention Center,

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:09-CV-59

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Diego Emilio Moreno-Gomez (Moreno), federal prisoner # 14193-069, appeals the district court's dismissal of his 28 U.S.C. § 2241 petition challenging his conviction for possession with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States and conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States. Moreno argues that the district court erred in determining that he was unable

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to challenge his federal conviction under § 2241 and dismissing his petition for want of jurisdiction.

"A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000). There is no merit to Moreno's assertions that his claims of jurisdictional defect or actual innocence are independently cognizable under § 2241. *See* § 2255(a); *Pack*, 218 F.3d at 452. Moreno has also not shown that his claim of actual innocence provides an exception to the requirement that a petitioner first satisfy the savings clause of § 2255(e) in order to challenge his conviction and sentence in a § 2241 petition.

Accordingly, Moreno must meet the requirements of the savings clause of § 2255(e) to raise his claims under § 2241. *See Kinder v. Purdy*, 222 F.3d 209, 212 (5th Cir. 2000). Moreno bears the burden of demonstrating that "the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention." § 2255(e); *see also Pack*, 218 F.3d at 452. Moreno must demonstrate that he was convicted of a nonexistent offense by virtue of a recently-decided, retroactively applicable Supreme Court decision. *Cf. Reyes-Requena v. United States*, 243 F.3d 893, 904-06 (5th Cir. 2001). As he has not done so, the district court did not err in concluding that Moreno could not bring his claims under § 2241. *See Pack*, 218 F.3d at 453.

The district court also did not err in dismissing Moreno's petition for want of jurisdiction. Although Moreno's claims could have been raised in a § 2255 motion, *see id.* at 451, the district court lacked jurisdiction to consider his claims under § 2255 as it was not the court that sentenced him. *See id.*

Moreno nonetheless argues that the district court should have transferred his petition to a district in which jurisdiction would have been proper. Moreno has not suggested why the interest of justice would be served by transfer instead of dismissal. *See* 28 U.S.C. § 1631.

2

Moreno also argues that the district court failed to give him advance notice that it intended to construe his § 2241 petition as a § 2255 motion. Even if the district court construed his § 2241 petition as a § 2255 motion without providing advance notice, there is no reversible error because Moreno's pleading will not be considered a § 2255 motion for purposes of the second or successive restrictions of § 2255(h). *See Castro v. United States*, 540 U.S. 375, 383 (2003).

The judgment of the district court is AFFIRMED.