# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 27, 2011

Lyle W. Cayce
Clerk

No. 11-10060
Summary Calendar

ALEX SONNI GLOVER, JR.,

Petitioner-Appellant

v.

REBECCA TAMEZ,

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:10-CV-964

Before DAVIS, SMITH and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Alex Sonni Glover, Jr., appeals the dismissal of a 28 U.S.C. § 2241 petition challenging his 180-month sentence for being a felon in possession of a firearm. Glover argued that he was actually innocent of his sentence under the Armed Career Criminal Act because his prior Nevada conviction for larceny from a person was not a violent felony in light of *Johnson v. United States*, 130 S. Ct. 1265 (2010). His § 2241 petition also challenged the denial of his 28 U.S.C. § 2255 motion.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-10060

As a general rule, a federal prisoner who seeks to collaterally challenge the legality of his conviction or sentence must file a § 2255 motion. *Padilla v. United States*, 416 F.3d 424, 426-27 (5th Cir. 2005). Such claims may be raised in a § 2241 petition under the savings clause of § 2255(e) only if the prisoner shows that the § 2255 remedy is "inadequate or ineffective to test the legality of his detention." § 2255(e). Glover has not made such a showing, as he has not established that his claims are based on a retroactively applicable Supreme Court decision establishing that he was convicted of a nonexistent offense. *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

Moreover, a claim of actual innocence of a career offender enhancement is not a claim of actual innocence of the crime of conviction and, thus, not the type of claim that warrants review under § 2241. *Kinder v. Purdy*, 222 F.3d 209, 213-14 (5th Cir. 2000); *see also Padilla*, 416 F.3d at 426-27. Finally, any challenge to the denial of Glover's § 2255 motion must be raised in the Tenth Circuit, the court of appeals for the circuit in which his § 2255 proceeding was held. *See* 28 U.S.C. § 2253(a). Glover has not shown that he is entitled to proceed under § 2241 based on the savings clause of § 2255(e). The judgment of the district court is AFFIRMED.