# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 14, 2012

Lyle W. Cayce
Clerk

No. 11-10870
Summary Calendar

TARY HOLCOMB,

Petitioner-Appellant

v.

REBECCA TAMEZ, Warden,

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:11-CV-152

Before BENAVIDES, STEWART, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Tary Holcomb, federal prisoner # 39075-039, proceeding pro se, appeals the dismissal of his 28 U.S.C. § 2241 petition in which he challenged his 2006 guilty-plea conviction and 120-month sentence for conspiracy to distribute and to possess with intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1), 846. Holcomb also moves for the appointment of counsel.

The district court dismissed Holcomb's petition for lack of jurisdiction because Holcomb had failed to satisfy the savings clause under 28 U.S.C.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-10870

§ 2255(e). The Government moves for summary affirmance of the district court's judgment or, alternatively, for an extension of time to file an appellate brief.

The crux of Holcomb's argument is that there was no evidence that the 1,000 kilograms of marijuana, to which he admitted, was attributable to him. He contends that, as a result, his guilty plea was not knowing or voluntary; his attorney was ineffective for failing to investigate the drug quantity; and he was actually innocent as to the quantity of drugs attributable to him.

In an appeal from the denial of habeas relief, we review the district court's determinations of law de novo and its factual findings for clear error. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). A petition for a writ of habeas corpus filed pursuant to § 2241 is generally reserved for challenges to the manner in which a sentence is being executed. *Reyes-Requena v. United States*, 243 F.3d 893, 900-01 (5th Cir. 2001). However, the savings clause of § 2255 allows a federal prisoner to attack the legality of his conviction or sentence in a § 2241 petition if he can show that the remedies provided under § 2255 are "inadequate or ineffective to test the legality of his detention." § 2255(e); *see Reyes-Requena*, 243 F.3d at 901.

Because Holcomb attacked the legality of his guilty plea conviction and sentence and not the manner in which his sentence was being executed, he was required to satisfy the requirements of § 2255(e). *See Kinder v. Purdy*, 222 F.3d 209, 212 (5th Cir. 2000). He has failed to make the required showing, however, because he has not made a claim "(i) that is based on a retroactively applicable Supreme Court decision which establishes that [he] may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when

2

No. 11-10870

the claim should have been raised in [his] trial, appeal, or first § 2255 motion." *Reyes-Requena*, 243 F.3d at 904.

Accordingly, the judgment of the district court is AFFIRMED. The Government's motion for summary affirmance is DENIED. Because no further briefing is required, the Government's alternative motion for an extension of time to file a brief is DENIED. Holcomb's motion for the appointment of counsel also is DENIED.