# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 1, 2012

No. 11-40791
Summary Calendar

Lyle W. Cayce
Clerk

WILLIE RAY COLE,

Petitioner-Appellant

v.

JODY UPTON,

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:10-CV-257

Before BENAVIDES, STEWART, and HIGGINSON, Circuit Judges

PER CURIAM:[*]

Willie Ray Cole appeals the dismissal of a 28 U.S.C. § 2241 petition challenging his 360-month sentence for possession of a controlled substance with intent to distribute and being a felon in possession of a firearm. Cole previously was unsuccessful on direct appeal and pursuant to 28 U.S.C. § 2255. Cole argued, in the instant § 2241 petition, inter alia, that he was actually innocent of being a career offender.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-40791

As a general rule, a federal prisoner who seeks to collaterally challenge the legality of his conviction or sentence must file pursuant to § 2255. *Padilla v. United States*, 416 F.3d 424, 426-27 (5th Cir. 2005). Such claims may be raised in a § 2241 petition under the savings clause of § 2255(e) only if the prisoner shows that the § 2255 remedy is "inadequate or ineffective to test the legality of his detention." § 2255(e).

Cole has not made such a showing because he has not established that his claims are based on a retroactively applicable Supreme Court decision establishing that he was convicted of a nonexistent offense. *See Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). Moreover, a claim of actual innocence of a career offender enhancement is not a claim of actual innocence of the crime of conviction and, thus, not the type of claim that warrants review under § 2241. *See Kinder v. Purdy*, 222 F.3d 209, 213-14 (5th Cir. 2000); *see also Padilla*, 416 F.3d at 426-27. Cole has not shown that he is entitled to proceed under § 2241 based on the savings clause of § 2255(e).

The judgment of the district court is AFFIRMED.