**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 20, 2012

Lyle W. Cayce
Clerk

No. 11-10935
Summary Calendar

DONNIE LEE YOUREE,

                Petitioner-Appellant

v.

REBECCA TAMEZ, Warden,

                Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:10-CV-935

Before BENAVIDES, STEWART, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Donnie Lee Youree, federal prisoner # 91069-020, appeals the dismissal for lack of jurisdiction of his 28 U.S.C. § 2241 petition challenging his classification as an armed career offender under 18 U.S.C. § 924(e)(1) pursuant to his federal conviction for being a felon in possession of a firearm. Youree argues that he is actually innocent of the career offender enhancement on account of the vacatur of his 1972 predicate conviction for voluntary manslaughter. This argument was unsuccessfully raised in his untimely

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

28 U.S.C. § 2255 motion. *Youree v. United States*, Nos. 5:09-CV-90062 HL, 5:02-CR-62 HL, 2009 WL 6338019 (M.D. Ga. Sept. 17, 2009) (unpublished).

The Government has moved for summary affirmance or, in the alternative, for an extension of time to file a brief. Youree's argument that his actual innocence claim is cognizable in a § 2241 petition is foreclosed by *Kinder v. Purdy*, 222 F.3d 209, 213-14 (5th Cir. 2000), which held that a petitioner's argument that he is actually innocent of being a career offender is not the type of argument that warrants review under § 2241 because the petitioner is not asserting that he is actually innocent of the underlying crime for which he was convicted.

The Government's motion for summary affirmance is GRANTED, the Government's alternative motion for an extension of time to file a brief is DENIED, and the judgment of the district court is AFFIRMED.