# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 16, 2012

No. 12-10069
Summary Calendar

Lyle W. Cayce
Clerk

BRENDA LEE FORD,

Petitioner-Appellant

v.

JOE KEFFER, Warden, FMC-Carswell,

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:11-CV-718

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Brenda Lee Ford, federal prisoner # 26255-077, currently is serving a prison sentence for a 1995 conviction for conspiracy to possess with intent to distribute cocaine and possession with intent to distribute cocaine. Ford filed a petition under 28 U.S.C. § 2241 arguing that the evidence regarding the actual substance involved in her offenses was insufficient in light of *DePierre v. United States*, 131 S. Ct. 2225 (2011), and that the district court erred in applying the career offender provisions of the Sentencing Guidelines under the recent decision

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

in *Johnson v. United States*, 130 S. Ct. 1265 (2010). The district court dismissed Ford's § 2241 petition because she did not meet the requirements for proceeding under the savings clause of 28 U.S.C. § 2255 as set forth in *Reyes-Requena v. United States,* 243 F.3d 893, 904 (5th Cir. 2001). The Respondent has moved for summary affirmance or, in the alternative, for a dismissal as frivolous or for an extension of time to file a brief.

Ford's argument that her *DePierre* claim is cognizable in a § 2241 petition is without merit because *DePierre* did not decriminalize her criminal conduct and has not been held to be retroactively applicable. Ford's *Johnson* argument that her actual innocence claim is cognizable in a § 2241 petition is foreclosed by *Kinder v. Purdy*, 222 F.3d 209, 213-14 (5th Cir. 2000), which held that a petitioner's argument that he is actually innocent of being a career offender is not the type of argument that warrants review under § 2241 because the petitioner is not asserting that he is actually innocent of the underlying crime for which she was convicted.

The Respondent's motion for summary affirmance is GRANTED; its alternative motions for dismissal as frivolous and for an extension of time to file a brief are DENIED, and the judgment of the district court is AFFIRMED.