# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 7, 2012

Lyle W. Cayce
Clerk

No. 12-30023
Summary Calendar

JAMES CLINTON MCCORVEY, JR.,

Petitioner - Appellant

v.

J. P. YOUNG,

Respondent - Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:11-CV-782

Before DAVIS, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Proceeding *pro se* and *in forma pauperis*, James Clinton McCorvey, Jr., federal prisoner # 06261-017, contests the lack-of-jurisdiction dismissal of his 28 U.S.C. § 2241 petition, which challenges his sentence under the Armed Career Criminal Act (ACCA) for his federal convictions for possession, with intent to distribute, cocaine and possession of a firearm by a convicted felon. McCorvey's sentence was enhanced under the ACCA, based on a prior drug offense and prior Florida convictions for felony battery and battery on a law enforcement officer.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-30023

McCorvey contends the ACCA enhancement is inapplicable because the Supreme Court decided, after he was sentenced, that a prior battery conviction under Florida law is not a "violent felony" under the ACCA. *Johnson v. United States*, 130 S. Ct. 1265 (2010).

Regarding denial of a § 2241 petition, a district court's legal conclusions are reviewed *de novo*. *Padilla v. United States*, 416 F.3d 424, 425 (5th Cir. 2005). McCorvey's contention that his "actual-innocence" claim is cognizable in a § 2241 petition, by operation of 28 U.S.C. § 2255's "savings clause", is foreclosed by *Kinder v. Purdy*, 222 F.3d 209, 213-14 (5th Cir. 2000), which held: petitioner's claim he is actually innocent of being a career offender is *not* the type of contention that warrants review under § 2241 because petitioner is not asserting he is actually innocent of the underlying crime for which he was convicted.

AFFIRMED.