# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

December 3, 2013

Lyle W. Cayce
Clerk

No. 13-60105
Summary Calendar

WILLIE J. GRIFFIN, JR.,

Petitioner-Appellant

v.

ARCHIE LONGLEY, Warden, Yazoo City,

Respondent-Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 5:12-CV-78

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Willie J. Griffin, Jr., federal prisoner # 04667-017, appeals from the order of the district court denying his petition for habeas corpus relief pursuant to 28 U.S.C. § 2241. Griffin argues that he was actually innocent of any offense because his indictment failed to specify a quantity of cocaine base, an omission that could not be cured by reference to 21 U.S.C. § 841(b)(1)(C), as that subsection requires no specific minimum quantity as do the subsections

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

governing larger amounts.    He also contends that § 841(b)(1)(C) was inapplicable because it makes reference to cocaine hydrochloride as a Schedule II substance and makes no reference to cocaine base.

A federal prisoner may attack the validity of his conviction in a § 2241 petition if he can meet the requirements of the savings clause of 28 U.S.C. § 2255. *Kinder v. Purdy*, 222 F.3d 209, 212 (5th Cir. 2000).  The prisoner bears the burden of showing that the remedy under § 2255 would be "inadequate or ineffective to test the legality of his detention."   28 U.S.C. § 2255(e); *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001).  A petitioner's inability to meet the procedural requirements of § 2255 is insufficient to meet this burden.  *Pack v. Yusuff*, 218 F.3d 448, 452-53 (5th Cir. 2000).  Rather, a prisoner who wishes to proceed under the savings clause must establish that his claim "is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense" and that the claim "was foreclosed by circuit law at the time when the claim should have been raised." *Reyes-Requena*, 243 F.3d at 904.

Griffin cites to *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013), and *Alleyne v. United States*, 133 S. Ct. 2151 (2013), in support of his arguments.  Those opinions do not support a holding that Griffin's claim is based on a retroactively applicable Supreme Court opinion indicating that he was convicted of a nonexistent offense and that his claim was foreclosed when it otherwise should have been raised.  *See Reyes-Requena*, 243 F.3d at 904.

AFFIRMED.