# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-50294
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 30, 2015

Lyle W. Cayce
Clerk

CAMERON SCOTT GRIFFIN,

Petitioner - Appellant

v.

UNITED STATES OF AMERICA,

Respondent - Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:15-CV-1

Before BARKSDALE, CLEMENT, and ELROD, Circuit Judges.

PER CURIAM:[*]

Cameron Scott Griffin, federal prisoner # 13128-023, was convicted in 2008 in district court in Idaho of conspiracy to possess methamphetamine, with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and four counts of distribution of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). His 28 U.S.C. § 2255 motion was denied in 2013.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 15-50294

While detained in the Western District of Texas in 2015, Griffin filed a 28 U.S.C. § 2241 petition containing numerous claims, which he conceded were intended to collaterally challenge his underlying convictions. Proceeding *pro se*, Griffin challenges the denial and dismissal of that petition, as well as denial of his motion to reconsider, filed pursuant to Federal Rule of Civil Procedure 59(e).

The denial of a § 2241 petition is reviewed *de novo. E.g., Kinder v. Purdy*, 222 F.3d 209, 212 (5th Cir. 2000). Griffin contends our decision in *Reyes-Requena v. United States*, 243 F.3d 893 (5th Cir. 2001), was both wrongly decided and is inapplicable here. In *Reyes-Requena*, our court held that, in order to pursue a § 2241 petition under the savings clause of 28 U.S.C. § 2255(e), the petitioner must state a claim: based on a retroactively applicable Supreme Court decision establishing the petitioner may have been convicted of a nonexistent offense; and was foreclosed by circuit law when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion. *Id.* at 904.

Despite Griffin's assertion to the contrary, *Reyes-Requena* does not state prisoners may only use § 2255's savings clause to pursue actual-innocence claims. Griffin does not contend any of his claims may proceed under that savings clause, and has not shown *Reyes-Requena* was misapplied. Absent a change in law, an en-banc decision by this court, or an intervening Supreme Court decision overruling *Reyes-Requena*, we are bound by a prior panel's decision. *E.g., United States v. Treft*, 447 F.3d 421, 425 (5th Cir. 2006).

In his Rule 59(e) motion, Griffin agreed with the court's factual findings regarding his claims, and asserted only that it erred in applying *Reyes-Requena* to dismiss his § 2241 petition. The motion sought review of a purely legal issue; accordingly, our review is *de novo. E.g., Potts v. Chesapeake Exploration,*

No. 15-50294

*L.L.C.*, 760 F.3d 470, 473 (5th Cir. 2014). For the reasons stated above, the court did not err in denying Griffin's motion.

AFFIRMED.