# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

December 21, 2015

Lyle W. Cayce
Clerk

No. 15-50074
Summary Calendar

JAMES RAYMOND NIBLOCK,

Plaintiff-Appellant

v.

MIKE PEARCE, Warden FCI Bastrop,

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:14-CV-479

Before KING, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

James Raymond Niblock, federal prisoner # 45816-083, appeals the district court's dismissal of his 28 U.S.C. § 2241 petition for lack of jurisdiction. Niblock argues that the Fourth Circuit's ruling in *United States v. Jefferson*, 674 F.3d 332 (4th Cir. 2012), provides grounds to reverse his conviction for six counts of wire fraud. Niblock argues that his claim was based on a change in circuit law and should be permitted under the savings clause. He further

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

contends that the district court erred in denying his motion for an evidentiary hearing.

Under § 2241, we review findings of fact for clear error and conclusions of law de novo. *Christopher v. Miles*, 342 F.3d 378, 381 (5th Cir. 2003). Because Niblock's § 2241 claims attacked the validity of his conviction and sentence, the district court did not err in determining that the claims would be properly brought in a § 2255 motion. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).

A petitioner can attack the validity of his conviction and sentence in a § 2241 petition only if he can meet the requirements of the savings clause of 28 U.S.C. § 2255(e). *Kinder v. Purdy*, 222 F.3d 209, 212 (5th Cir. 2000). The petitioner shoulders the burden of affirmatively showing that the remedy under § 2255 would be "inadequate or ineffective to test the legality of his detention." § 2255(e); *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). To the extent that Niblock seeks this court to overturn the holding in *Reyes-Requena*, Niblock's argument fails. In the absence of an en banc decision by this court or an intervening Supreme Court decision, this court is bound by its own precedent. *See United States v. Traxler*, 764 F.3d 486, 489 (5th Cir. 2014).

Niblock has not shown that his claim "is based on a retroactively applicable Supreme Court decision which establishes that [he] may have been convicted of a nonexistent offense." *See Reyes-Requena*, 243 F.3d at 904. Thus, he has not shown that he is entitled to proceed under the savings clause of § 2255. *See* § 2255(e); *Reyes-Requena*, 243 F.3d at 904. To the extent Niblock raises a claim of actual innocence, his argument is unavailing. *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013); *Foster v. Quarterman*, 466 F.3d 359, 367-68 (5th Cir. 2006). Because Niblock is unable to obtain relief on his claim,

No. 15-50074

the district court did not abuse its discretion by refusing to hold an evidentiary hearing.  *See Ellis v. Lynaugh*, 873 F.2d 830, 840 (5th Cir. 1989).

The judgment of the district court is AFFIRMED.