United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 9, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 06-40554
c/w No. 06-40884
Summary Calendar

---

JOE ALEX ROBERTSON,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:05-CV-197
--------------------

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges

PER CURIAM:[*]

Joe Alex Robertson, federal prisoner # 91990-080, appeals the district court's dismissal of his 28 U.S.C. § 2241 petition in which he challenged his sentence for bank robbery. Robertson argues that <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1998) was wrongly decided in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), and <u>Blakely v. Washington</u>, 542 U.S. 296 (2004). He also asserts that the career enhancement provision of U.S.S.G. §

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

4B1.1 was improperly applied to his sentence because his driving while intoxicated convictions do not constitute "crimes of violence" in light of <u>Leocal v. Ashcroft</u>, 543 U.S. 1 (2004). Robertson contends that he is entitled to proceed under the "savings clause" of 28 U.S.C. § 2255 because he is "actually innocent" of the career offender enhancement.

Robertson has not made the requisite showing to qualify for the savings clause of § 2255. His challenge to the sentencing court's application of the Guidelines is not based on a retroactively applicable Supreme Court decision which establishes that the bank robbery for which he was convicted no longer qualifies as a violation of law. See <u>Reyes-Requena v. United States</u>, 243 F.3d 893, 904 (5th Cir. 2001). His argument that he is actually innocent of being a career offender in light of <u>Leocal</u> "is not the type of argument that courts have recognized may warrant review under § 2241." See <u>Kinder v. Purdy</u>, 222 F.3d 209, 213 (5th Cir. 2000).

Additionally, this court has determined that <u>Apprendi</u>, <u>Blakely</u>, and <u>United States v. Booker</u> 543 U.S. 220 (2005), do not apply retroactively to cases on collateral review and do not satisfy the test for filing a § 2241 petition under the savings clause. See <u>Wesson v. United States Penitentiary Beaumont, TX</u>, 305 F.3d 343, 347-48 (5th Cir. 2002); <u>Padilla v. United States</u>, 416 F.3d 424, 427 (5th Cir. 2005). Further, Robertson's argument that <u>Almendarez-Torres</u> was wrongly decided in light of <u>Apprendi</u> and

Blakely is foreclosed.  See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir. 2005).

Robertson also challenges the district court's denial of his motion to hold his case in abeyance pending the Supreme Court's decision in Washington v. Recuenco, 126 S. Ct. 2546 (2006). The Supreme Court has issued its decision in Recuenco and has held that a Blakely error does not constitute a structural error.  See Recuenco, 126 S. Ct. at 2553.  Thus, Robertson's argument that his sentence violates Blakely and constitutes a structural error is meritless.  Moreover, Blakely and Booker are not retroactively applicable to Robertson's case.  See Padilla, 416 F.3d at 427. Thus, the district court did not err in denying the motion.

Accordingly, the judgments of the district court are affirmed. Robertson is warned that the filing of repetitive or frivolous filings in the future will invite the imposition of sanctions.

AFFIRMED; SANCTION WARNING ISSUED.