**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 8, 2012

Lyle W. Cayce
Clerk

No. 11-40741
Summary Calendar

ISAAC RODRIGUEZ,

                              Petitioner-Appellant

v.

JODY UPTON, FCC (M) Warden,

                              Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:10-CV-157

Before HIGGINBOTHAM, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Isaac Rodriguez, federal prisoner # 31752-177, appeals the district court's dismissal of his 28 U.S.C. § 2241 petition challenging his 120-month sentence for being a felon in possession of a firearm. Rodriguez argues that his § 2241 petition falls within the savings clause of 28 U.S.C. 2255(e) because his prior state convictions for simple possession and delivery of controlled substances did not qualify for controlled substance offenses for sentencing enhancement

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

purposes. He further argues that this court's decision in *Reyes-Requena v. United States*, 243 F.3d 893 (5th Cir. 2001), created an improper precedent.

We review a district court's dismissal of a § 2241 petition de novo. *Kinder v. Purdy*, 222 F.3d 209, 212 (5th Cir. 2000). "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000). A § 2241 petition that attacks custody resulting from a federally imposed sentence may be entertained under the savings clause of § 2255 if the petitioner establishes that the remedy provided under § 2255 is "inadequate or ineffective" to test the legality of his detention. *Tolliver v. Dobre,* 211 F.3d 876, 878 (5th Cir. 2000).

To demonstrate that the remedy provided under § 2255 is inadequate or ineffective, Rodriguez must establish that his claim is "(i) . . . based on a retroactively applicable Supreme Court decision which establishes that [he] . . . may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in [his] . . . trial, appeal, or first § 2255 motion." *Reyes-Requena*, 243 F.3d at 904. The first "factor requires that a retroactively applicable Supreme Court decision establish that the petitioner is actually innocent," meaning that he "may have been imprisoned for conduct that was not prohibited by law." *Jeffers v. Chandler*, 253 F.3d 827, 830-31 (5th Cir. 2001) (internal quotation marks and citation omitted). Rodriguez cannot satisfy this factor by merely claiming that the district court improperly applied a sentence enhancement because the claim does not rely on a retroactively applicable Supreme Court decision showing that he was convicted of a nonexistent offense. *See Padilla v. United States*, 416 F.3d 424, 427 (5th Cir. 2005); *Reyes-Requena,* 243 F.3d at 904; *Kinder*, 222 F.3d at 213-14.

Furthermore, to the extent that Rodriguez challenges the holding in *Reyes-Requena*, one panel of this court cannot overrule another panel absent an

No. 11-40741

intervening en banc decision by this court or a decision by the Supreme Court, even if the panel disagrees with the prior panel's holding. *In re Entringer Bakeries, Inc.*, 548 F.3d 344, 348-49 (5th Cir. 2008). Accordingly, the district court's judgment is AFFIRMED.