# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 13, 2012

No. 11-10869
Summary Calendar

Lyle W. Cayce
Clerk

CONSTANTINO RODRIGUEZ-MENDIOLA,

Petitioner-Appellant

v.

KEITH E. HALL, Warden,

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:10-CV-17

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Constantino Rodriguez-Mendiola, federal prisoner # 30773-044, appeals the dismissal of his 28 U.S.C. § 2241 petition. In 2004, in the Eastern District of Missouri, Rodriguez-Mendiola pleaded guilty to conspiracy to possess with intent to distribute cocaine and was sentenced to 135 months of imprisonment. He contends that the sentencing court incorrectly calculated his advisory sentencing range in light of Amendment 709 to the Sentencing Guidelines. *See* U.S.S.G. Supp. to App. C, Amend. 709 (2008).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-10869

We review the district court's dismissal de novo. *See Kinder v. Purdy*, 222 F.3d 209, 212 (5th Cir. 2000). Section 2255 of title 28 is the primary mechanism for collaterally attacking a federal sentence, and "[a] section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). However, a § 2241 petition that attacks custody resulting from a federally imposed sentence may be entertained under the savings clause of § 2255 if the petitioner establishes that the remedy provided under § 2255 is "inadequate or ineffective" to test the legality of his detention. *Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000). To make the required affirmative showing under the savings clause, Rodriguez-Mendiola must establish that his claim is "(i) . . . based on a retroactively applicable Supreme Court decision which establishes that [he] . . . may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in [his] . . . trial, appeal, or first § 2255 motion." *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

Rodriguez-Mendiola has failed to make the required showing. That the guidelines amendment on which he relies may be retroactive, as he argues, is irrelevant to the analysis. Similarly, *Boudmediene v. Bush*, 553 U.S. 723 (2008), on which he relies, did not establish that Rodriguez-Mendiola may have been convicted of a non-existent offense. He challenges only the calculation of his sentence and not the validity of his conviction. Thus, his claim does not fall within the savings clause of § 2255(e), and it is not cognizable in a § 2241 petition. *E.g.*, *Padilla v. United States*, 416 F.3d 424, 427 (5th Cir. 2005). Because a § 2255 motion must be filed with the sentencing court; *see Pack*, 218 F.3d at 451; the district court properly dismissed Rodriguez-Mendiola's petition for lack of jurisdiction.

AFFIRMED.