# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 16, 2012

Lyle W. Cayce
Clerk

No. 11-11156
Summary Calendar

SETH AMOS NELSON,

Petitioner-Appellant

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL; KAREN EDENFIELD,
Warden,

Respondents-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:11-CV-139

Before WIENER, GARZA, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Petitioner-Appellant Seth Amos Nelson, federal prisoner # 06958-046, appeals the district court's dismissal, for lack of jurisdiction, of his 28 U.S.C. § 2241 petition. In the petition, Nelson challenged his convictions in the District of Montana of conspiring to manufacture methamphetamine and being a felon in possession of a firearm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Nelson asserts that the district court had jurisdiction over his petition because both he and his custodian, the warden of his prison facility, are within the Northern District of Texas. He contends that 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of his detention. Nelson argues that the dismissal of his petition pursuant to § 2255 impermissibly suspends the writ of habeas corpus. He also briefs the merits of his claim that his drug conspiracy conviction was unconstitutional because the Controlled Substances Act violates the Tenth Amendment and exceeds the federal government's power under Commerce Clause. We review a district court's dismissal of a § 2241 petition de novo. *Kinder v. Purdy*, 222 F.3d 209, 212 (5th Cir. 2000).

A § 2241 petition and a § 2255 motion "are distinct mechanisms for seeking post-conviction relief." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). Section 2255 is the primary mechanism for collaterally attacking a federal sentence, and a § 2255 motion must be filed in the sentencing court. *Id.* Section 2241 is the proper procedural vehicle for challenging the manner in which a sentence is executed, and a § 2241 petition must be filed in the district of incarceration. *Id.* "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." *Id.* at 452.

As the claims raised by Nelson in his § 2241-denominated petition attacked the validity of his convictions and sentences in Montana, the district court in Texas did not err in its determination that the claims would be properly brought in a § 2255 motion. *See Pack*, 218 F.3d at 451. As Nelson was sentenced in the district court in Montana, the district court in Texas correctly determined that it lacked jurisdiction to consider his petition as a § 2255 motion. *See Ojo v. INS*, 106 F.3d 680, 683 (5th Cir. 1997) ("Because all of the errors [the prisoner] alleges [occurred before or during sentencing], they must be addressed in a § 2255 petition, and the only court with jurisdiction to hear that is the court that sentenced him.").

A prisoner may attack the validity of his conviction in a § 2241 petition only if he meets the requirements of the savings clause of § 2255(e). *Kinder*, 222 F.3d at 212. It is the petitioner's burden to show affirmatively that the remedy under § 2255 would be "inadequate or ineffective to test the legality of his detention." *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). The petitioner must establish that his claim (1) "is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense" and (2) "was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Id*. at 904. Nelson has failed to make the required showing.

Nelson's argument that the dismissal of his § 2241-denominated petition impermissibly suspends the writ of habeas corpus is meritless. We have held that the restrictions on obtaining relief pursuant to § 2241 and the savings clause of § 2255 do not violate the Suspension Clause. *See Wesson v. United States Penitentiary Beaumont, TX,* 305 F.3d 343, 347 (5th Cir. 2002); *Reyes-Requena*, 243 F.3d at 901 n.19.

AFFIRMED.