# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 25, 2012

Lyle W. Cayce
Clerk

No. 11-10657
Summary Calendar

GLENDA HALL,

Petitioner-Appellant

v.

JOE KEFFER, WARDEN,

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:11-CV-422

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Glenda Hall appeals the dismissal of a 28 U.S.C. § 2241 petition in which she challenged her conviction for conspiracy to commit theft of government funds, in violation of 18 U.S.C. § 371 and § 671, and wire fraud, in violation of 18 U.S.C. § 1341. Hall argued that she was convicted of a nonexistent offense in light of *Skilling v. United States*, 130 S. Ct. 2896, 2907 (2010), which held that the honest-services fraud statute, 18 U.S.C. § 1346, criminalizes only conduct involving bribery and kickback schemes. Hall alleged that *Skilling* rendered her

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

actually innocent because her fraud offense did not involve bribery or kickbacks. The district court dismissed the petition for lack of jurisdiction on the basis that Hall failed to satisfy the "savings clause" of 28 U.S.C. § 2255.

Under § 2241, we review factual findings for clear error and conclusions of law de novo. *Christopher v. Miles*, 342 F.3d 378, 381 (5th Cir. 2003). We may affirm the district court's judgment on any basis supported by the record. *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999).

A § 2241 petition that attacks custody resulting from a federally imposed sentence may be entertained under the savings clause of § 2255 if the petitioner establishes that the remedy provided under § 2255 is "inadequate or ineffective" to test the legality of his detention. *Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000). The savings clause is applicable only to a claim that (i) "is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense" and that (ii) "was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). The petitioner bears the "stringent" burden of affirmatively showing that the § 2255 remedy is inadequate or ineffective and that she is entitled to avail herself of the "limited exception" found in the savings clause. *Christopher*, 342 F.3d at 382.

Hall has not made such a showing. The record does not support that Hall's actual-innocence claim was foreclosed by circuit law at the time when the claim could have been raised previously. To the contrary, the record shows that Hall raised an actual-innocence claim specifically invoking *Skilling* in her first § 2255 motion and that the district court decided the claim on the merits; the district court specifically considered whether *Skilling* established Hall's actual innocence and determined that it did not. Accordingly, Hall had an adequate and effective opportunity to assert the present claim in her prior § 2255 motion. The fact that the claim was unsuccessful – or that future § 2255 motions raising the claim

would be considered successive – does not establish that the § 2255 remedy is inadequate or ineffective.  *See Kinder v. Purdy*, 222 F.3d 209, 213 (5th Cir. 2009); *Pack*, 218 F.3d at 452-53.

Furthermore, the holding in *Skilling* does not support Hall's claim that she was convicted of a nonexistent offense.  The Supreme Court held in *Skilling* that § 1346 criminalizes only bribery and kickback schemes.  *Skilling*, 130 S. Ct. at 2933.  However, Hall was convicted of wire fraud in violation of § 1341, and there were no allegations that her fraud was based upon an honest-services theory.  Instead, the record shows that Hall was charged with, and convicted of, conventional wire fraud under § 1341, i.e., Hall obtained tangible money or property by means of false or fraudulent representations.  Thus, the holding in *Skilling* is neither relevant nor applicable to Hall.

Because Hall has not shown that a previously unavailable Supreme Court case has decriminalized her conduct, she cannot challenge her conviction in a § 2241 petition under the savings clause of § 2255.  *See Christopher*, 342 F.3d at 382; *Reyes-Requena*, 243 F.3d at 903-04.  Accordingly, she has not shown that the district court erred in determining that she was not entitled to proceed under the § 2255 savings clause.  The judgment of the district court is AFFIRMED.