# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 7, 2012

No. 11-11040
Summary Calendar

Lyle W. Cayce
Clerk

FORESTELL NORMAN SHEPPARD,

Petitioner-Appellant

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL; KAREN EDENFIELD,
Warden,

Respondents-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:11-CV-173

Before WIENER, GARZA,  and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Petitioner-Appellant Forestell Norman Sheppard, federal prisoner #
25753-044, appeals the district court's dismissal of his 28 U.S.C. § 2241 petition
for lack of jurisdiction.  In his petition, Sheppard challenged his conviction out
of the Eastern District of Missouri for conspiracy to possess with intent to
distribute methamphetamine.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 11-11040

Sheppard asserts that the district court had jurisdiction over his petition because both he and his custodian, the warden of his prison facility, are within the Northern District of Texas. He contends that 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of his detention. Sheppard claims that the dismissal of his § 2241 petition impermissibly suspends the writ of habeas corpus. In addition, Sheppard has briefed the merits of his claim that his drug conspiracy conviction was unconstitutional because the Controlled Substances Act violates the Tenth Amendment and exceeds the federal government's power under the Commerce Clause.

We review a district court's dismissal of a § 2241 petition de novo. *Kinder v. Purdy*, 222 F.3d 209, 212 (5th Cir. 2000). A § 2241 petition and a § 2255 motion "are distinct mechanisms for seeking post-conviction relief." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). Section 2255 is the primary mechanism for collaterally attacking a federal sentence, and a § 2255 motion must be filed in the sentencing court. *Id.* By contrast, the proper procedural vehicle for challenging the manner in which a sentence is executed is § 2241, and a § 2241 petition must be filed in the district of incarceration. *Id.* "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." *Id.* at 452.

As the claims raised by Sheppard in his § 2241 petition attacked the validity of his conviction and sentence, the district court did not err in its determination that the claims would be properly brought in a § 2255 motion. *See Pack*, 218 F.3d at 451. As Sheppard was sentenced in a Missouri district court, the district court in Texas correctly determined that it lacked jurisdiction to consider his petition as a § 2255 motion. *See Ojo v. INS*, 106 F.3d 680, 683 (5th Cir. 1997).

A prisoner may attack the validity of his conviction in a § 2241 petition only if he can meet the requirements of the savings clause of § 2255(e). *Kinder*, 222 F.3d at 212. The petitioner has the burden to show affirmatively that the

remedy under § 2255 would be "inadequate or ineffective to test the legality of his detention." *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). The petitioner must establish that his claim (1) "is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense" and (2) "was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Id*. at 904. Sheppard has failed to make the required showing.

Sheppard's insistance that the dismissal of his § 2241 petition impermissibly suspends the writ of habeas corpus lacks merit. We have held that the restrictions on obtaining relief pursuant to § 2241 and the savings clause of § 2255 do not violate the Suspension Clause. *See Wesson v. United States Penitentiary Beaumont, TX,* 305 F.3d 343, 347 (5th Cir. 2002); *Reyes-Requena*, 243 F.3d at 901 n.19.

AFFIRMED.