# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 30, 2012

Lyle W. Cayce
Clerk

No. 11-11028
Summary Calendar

SERGIO TAYLOR,

Petitioner-Appellant

v.

ERIC H. HOLDER, JR.; U. S. ATTORNEY GENERAL; KAREN EDENFIELD, WARDEN,

Respondents-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:11-CV-149

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Sergio Taylor, federal prisoner # 50114-018, appeals the district court's dismissal of his 28 U.S.C. § 2241 petition for lack of jurisdiction. In the petition, Taylor challenged his convictions in the Middle District of Florida for possessing with intent to distribute five grams or more of crack and possessing a firearm as a felon, claiming that the State of Florida was not a state of the United States for purposes of the Controlled Substances Act or the Tenth Amendment of the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-11028

U.S. Constitution and thus the Florida district court lacked jurisdiction to convict, sentence, and enter a judgment of conviction against him.

We review a district court's dismissal of a § 2241 petition de novo. *Kinder v. Purdy*, 222 F.3d 209, 212 (5th Cir. 2000). Taylor's claims attacked the validity of his conviction and sentence rather than the manner in which his sentence was carried out; thus, the district court did not err in determining that they should be brought in a § 2255 motion rather than a § 2241 petition. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). Because a § 2255 motion must be brought in the sentencing court, the district court properly concluded that it lacked jurisdiction to construe Taylor's petition as a § 2255 motion. *See id.; Ojo v. INS*, 106 F.3d 680, 683 (5th Cir. 1997).

Taylor invokes the savings clause of § 2255, contending that § 2241 is the appropriate vehicle to bring his claims on the basis that a § 2255 motion would be inadequate or ineffective to test the legality of his detention. However, he has failed to show that any of his claims was "based on a retroactively applicable Supreme Court decision which establishes that [he] may have been convicted of a nonexistent offense" and "was foreclosed by circuit law at the time when the claim should have been raised." *Reyes-Requena v. United States*, 243 F.3d 893, 901, 904 (5th Cir. 2001). Accordingly, he may not attack the validity of his conviction in a § 2241 petition through the savings clause of § 2255(e). *See Kinder*, 222 F.3d at 212.

To the extent that Taylor argues that the dismissal of his § 2241 petition impermissibly suspends the writ of habeas corpus, his contention lacks merit. Restrictions on obtaining relief pursuant to § 2241 and the savings clause of § 2255 do not violate the Suspension Clause. *Wesson v. United States Penitentiary Beaumont, TX,* 305 F.3d 343, 347 (5th Cir. 2002); *Reyes-Requena*, 243 F.3d at 901 n.19.

AFFIRMED.