# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 22, 2012

Lyle W. Cayce
Clerk

No. 11-10880
Summary Calendar

PAUL JEFFERSON BRADDOCK,

Petitioner - Appellant

v.

ERIC H. HOLDER, JR., United States Attorney General; KAREN EDENFIELD, Warden,

Respondents - Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:11-CV-81

Before SMITH, BARKSDALE, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Paul Jefferson Braddock, federal prisoner # 31314-037, proceeding *pro se* and *in forma pauperis*, challenges the district court's dismissal, for lack of jurisdiction, of his 28 U.S.C. § 2241 petition. In it, Braddock challenges his three convictions in the Western District of Michigan for distribution of cocaine base.

Braddock contends: the district court had jurisdiction over his petition because both he and his custodian, the warden of his prison facility, are within

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the Northern District of Texas; 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of his detention; and dismissal of his petition pursuant to § 2255 impermissibly suspends the writ of habeas corpus.  He also briefs the merits of his claim that his convictions were unconstitutional, asserting the Controlled Substances Act violates the Tenth Amendment and exceeds the Government's power under the Commerce Clause.  A district court's dismissal of a § 2241 petition is reviewed *de novo. Kinder v. Purdy*, 222 F.3d 209, 212 (5th Cir. 2000).

A § 2241 petition and a § 2255 motion "are distinct mechanisms for seeking post-conviction relief":  § 2255 is for collaterally attacking a federal sentence, and the motion must be filed in the sentencing court; § 2241 is for challenging the manner in which a federal sentence is executed, and the petition must be filed where the prisoner is incarcerated.  *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). "A [§] 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a [§] 2255 motion." *Id.* at 452.

Because the claims raised by Braddock in his § 2241 petition attacked the validity of his Michigan conviction and sentence, the district court did not err in determining the claims must be pursued in a § 2255 motion.  *Id.* at 451.  And, as Braddock was sentenced in Michigan, the district court correctly determined that it lacked jurisdiction to construe his petition as a § 2255 motion. *Ojo v. INS*, 106 F.3d 680, 683 (5th Cir. 1997) ("Because all the errors [the prisoner] alleges [occurred before or during sentencing], they must be addressed in a § 2255 petition, and the only court with jurisdiction to hear that is the court that sentenced him".).

A prisoner can attack the validity of his conviction in a § 2241 petition only if he can meet the requirements of the savings clause found in 28 U.S.C. § 2255(e). *Kinder*, 222 F.3d at 212.  For that clause to apply, the petitioner must show the remedy under § 2255 would be inadequate or ineffective to test the legality of his detention.  28 U.S.C. § 2255(e); *Reyes-Requena v. United States*,

243 F.3d 893, 901 (5th Cir. 2001).  The petitioner must establish that his claim: (1) "is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense"; and (2) "was foreclosed by circuit law at the time when the claim should have been raised in[, *inter alia*,] the petitioner's trial,[or] appeal . . . ." *Id.* at 904. Braddock has failed to make the required showing.

To the extent Braddock contends the dismissal of his § 2241 petition impermissibly suspends the writ of habeas corpus, his contention lacks merit. Restrictions on obtaining relief pursuant to § 2241 and the savings clause of § 2255 do not violate the Suspension Clause. *E.g.*, *Wesson v. U.S. Penitentiary Beaumont, Tex.,* 305 F.3d 343, 347 (5th Cir. 2002).

AFFIRMED.