# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 26, 2012

Lyle W. Cayce
Clerk

No. 11-11011
Summary Calendar

NAKIA HARRIS,

Petitioner-Appellant

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL; KAREN EDENFIELD,
Warden,

Respondents-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:11-CV-52

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:*

Nakia Harris, federal prisoner # 13178-041, proceeding *pro se* and *in forma pauperis*, challenges the district court's dismissal, for lack of jurisdiction, of his 28 U.S.C. § 2241 petition. In it, Harris challenges his conviction in the District of Minnesota for conspiracy to distribute 500 grams or more of methamphetamine.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-11011

He contends that (1) the district court had jurisdiction over his petition because both he and his custodian, the warden of his prison facility, are within the Northern District of Texas; (2) the requirements of the Antiterrorism and Effective Death Penalty Act violate the Suspension Clause and the Tenth Amendment and render the remedy under 28 U.S.C. § 2255 inadequate or ineffective; and (3) the Minnesota district court did not have jurisdiction to convict and sentence him because the Controlled Substances Act, as applied to his case, violates the Tenth Amendment and the Commerce Clause. We review the district court's dismissal of a § 2241 petition de novo. *Kinder v. Purdy*, 222 F.3d 209, 212 (5th Cir. 2000).

A § 2241 petition and a § 2255 motion "are distinct mechanisms for seeking post-conviction relief." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). Section 2255 is the primary mechanism for collaterally attacking a federal sentence, and a § 2255 motion must be filed in the sentencing court. *Id.* Section 2241 is the proper procedural vehicle for challenging the manner in which a sentence is executed, and a § 2241 petition must be filed in the district of incarceration. *Id.* "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." *Id.* at 452.

Because the claims raised by Harris in his § 2241 petition attacked the validity of his Minnesota conviction and sentence, the district court did not err in its determination that the claims would be properly brought in a § 2255 motion. *See Pack*, 218 F.3d at 451. As Harris was sentenced in Minnesota, the district court correctly determined that it lacked jurisdiction to consider his petition as a § 2255 motion. *See Ojo v. INS*, 106 F.3d 680, 683 (5th Cir. 1997).

A prisoner can attack the validity of his conviction in a § 2241 petition only if he can meet the requirements of the savings clause of § 2255(e). *Kinder*, 222 F.3d at 212. It is the petitioner's burden to show that the remedy under § 2255 would be "inadequate or ineffective to test the legality of his detention."

2

No. 11-11011

§ 2255(e); *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). The petitioner must establish that his claim (1) "is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense" and (2) "was foreclosed by circuit law at the time when the claim should have been raised." *Reyes-Requena*, 243 F.3d at 904. Harris has failed to make the required showing.

To the extent that Harris argues that the dismissal of his § 2241 petition impermissibly suspends the writ of habeas corpus, his contention lacks merit. We have held that the restrictions on obtaining relief pursuant to § 2241 and the savings clause of § 2255 do not violate the Suspension Clause. *See Wesson v. United States Penitentiary Beaumont, TX,* 305 F.3d 343, 347 (5th Cir. 2002); *Reyes-Requena*, 243 F.3d at 901 n.19.

AFFIRMED.