# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 4, 2012

Lyle W. Cayce
Clerk

No. 12-30462
Summary Calendar

STEVEN W. ARNOLD,

Petitioner-Appellant

v.

WARDEN ASK-CARLSON,

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:12-CV-45

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Steven W. Arnold, federal prisoner # 05022-041, appeals from the denial of his habeas corpus petition pursuant to 28 U.S.C. § 2241. He challenges his convictions involving cocaine base, for which he is serving a term of 360 months of imprisonment. The district court determined that Arnold could not pursue relief under § 2241 because he did not satisfy the requirements of 28 U.S.C. § 2255(e).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-30462

On appeal, he contends that *DePierre v. United States*, 131 S. Ct. 2225 (2011), redefined the elements of crack cocaine offenses, barred the use of the preponderance of the evidence standard to determine drug type and quantity, and is retroactively applicable. He further argues that inadequate evidence was presented to prove that the substance in his case was cocaine base.

A federal prisoner may attack the validity of his conviction in a § 2241 petition if he can meet the requirements of § 2255(e)'s savings clause. *Kinder v. Purdy*, 222 F.3d 209, 212 (5th Cir. 2000). The prisoner bears the burden of showing that the remedy under § 2255 would be "inadequate or ineffective to test the legality of his detention." § 2255(e); *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). A petitioner's inability to meet the procedural requirements of § 2255 is insufficient to meet this burden. *Pack v. Yusuff*, 218 F.3d 448, 452-53 (5th Cir. 2000). Rather, a prisoner who wishes to proceed under the savings clause must establish that his claim "is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense" and that the claim "was foreclosed by circuit law at the time when the claim should have been raised." *Reyes-Requena*, 243 F.3d at 904.

In *DePierre*, 131 S. Ct. at 2237, the Supreme Court held that the term "cocaine base" in 21 U.S.C. § 841(b)(1) refers to cocaine in its chemically basic form, which includes, but is not limited to, "crack cocaine." *DePierre* did not decriminalize Arnold's criminal conduct. Arnold therefore may not pursue § 2241 relief on his *DePierre* claim. *See Reyes-Requena*, 243 F.3d at 904.

Evidently to bolster his *DePierre* argument, Arnold argues that *Melendez-Diaz v. Massachusetts*, 557 U.S. 305 (2009), and *Bullcoming v. New Mexico*, 131 S. Ct. 2705 (2011), require that the analysts who author lab reports must testify as to the reports and be subject to cross-examination. He does not argue that either *Melendez-Diaz* or *Bullcoming* was violated in his case as to any reports and the analysts who authored them. Rather, he argues that those cases

2

reinforce the requirement in *DePierre* that the nature of the substance at issue be proved beyond a reasonable doubt. He raises his argument pursuant to *Melendez-Diaz* and *Bullcoming* for the first time on appeal.

Absent extraordinary circumstances, we will not consider an issue raised for the first time on appeal in a civil case. *Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999). To the extent Arnold may be attempting to raise a contention that the holdings in *Melendez-Diaz* and *Bullcoming* were somehow violated in his case, we do not consider the issue. *See id.* To the extent Arnold seeks to reinforce his *DePierre* argument by citing to *Melendez-Diaz* and *Bullcoming*, those cases do not change the fact that *DePierre* did not decriminalize Arnold's conduct.

AFFIRMED.