# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-10372
Summary Calendar

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 12, 2013

Lyle W. Cayce
Clerk

GUSTAVUS JACKSON,

Petitioner–Appellant,

versus

WARDEN RANDALL CHANDLER,

Respondent–Appellee.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:13-CV-86

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Gustavus Jackson, federal prisoner # 34555-044, appeals the dismissal of his 28 U.S.C. § 2241 petition in which he challenged the sentence imposed fol-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

lowing his guilty-plea conviction of possession with intent to distribute in excess of 100 grams of cocaine base. Citing *Apprendi v. New Jersey*, 530 U.S. 466 (2000), Jackson asserted that he should have been held accountable only for the amount of drugs alleged in the indictment and that he was actually innocent of the 120-month sentence, which he contended was improperly based on drug amounts not proven to a jury. The district court dismissed, concluding that Jackson's claims arose under 28 U.S.C. § 2255. We review the dismissal of a § 2241 petition *de novo*. *Kinder v. Purdy*, 222 F.3d 209, 212 (5th Cir. 2000).

Although, as a general rule, a federal prisoner who seeks to challenge, collaterally, the legality of a conviction or sentence must file a § 2255 motion, *see Padilla v. United States*, 416 F.3d 424, 425-26 (5th Cir. 2005), the savings clause of § 2255 allows him to attack the legality of his conviction or sentence in a § 2241 petition if he can show that the remedies provided under § 2255 are "inadequate or ineffective to test the legality of his detention," § 2255(e); *see Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). To do so, Jackson must make a claim "(i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Reyes-Requena*, 243 F.3d at 904.

Jackson has not shown that he was convicted of a nonexistent offense. *See Padilla*, 416 F.3d at 427; *Wesson v. U.S. Penitentiary Beaumont, Tex.*, 305 F.3d 343, 348 (5th Cir. 2002). Further, although he asserts that his claim falls within the savings clause because he previously filed an unsuccessful § 2255 motion, the fact that he filed a prior unsuccessful § 2255 motion is, in and of itself, not sufficient to establish the inadequacy or ineffectiveness of the remedy under § 2255. *See Kinder*, 222 F.3d at 214. Accordingly, because the district court did not err in dismissing Jackson's § 2241 petition, the judgment is AFFIRMED.