# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-10030
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 5, 2014

Lyle W. Cayce
Clerk

DANIEL PATRICK MOORE,

Petitioner-Appellant

v.

WARDEN RODNEY CHANDLER,

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:13-CV-682

Before WIENER, HAYNES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Daniel Patrick Moore, federal prisoner # 43561-177, appeals the district court's dismissal for lack of jurisdiction of his 28 U.S.C. § 2241 petition challenging his sentence for possession with intent to distribute methamphetamine. In his § 2241 petition, he contended that he was actually innocent of his sentence because the Government failed to allege and prove the drug quantity that subjected him to a higher statutory penalty.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-10030

We review a district court's dismissal of a § 2241 petition de novo. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). Because Moore sought to attack the manner in which his sentence was determined, he had to meet the requirements of the savings clause of 28 U.S.C. § 2255(e) to raise his claims in a § 2241 petition. *See id.* at 451-52; *Kinder v. Purdy*, 222 F.3d 209, 212 (5th Cir. 2000). Moore does not address or challenge the district court's determination that his claims were not cognizable in a § 2241 petition and offers no argument that his claims fall within the savings clause of § 2255(e). *See Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001)(setting forth requirements to meet savings clause). Accordingly, he has failed to demonstrate any error and, in effect, has abandoned any challenge to the basis of the district court's dismissal of his § 2241 petition. *See McGowen v. Thaler*, 675 F.3d 482, 497 (5th Cir. 2012).

The judgment of the district court is AFFIRMED.