# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50572
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 18, 2015

RON KEITH MORRISON,

Lyle W. Cayce
Clerk

Petitioner-Appellant

v.

RACHEL CHAPA, Warden, FCI La Tuna,

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:14-CV-162

Before KING, JOLLY, and HAYNES, Circuit Judges.

PER CURIAM:*

Ron Keith Morrison, federal prisoner # 21229-056, appeals the district court's dismissal of his 28 U.S.C. § 2241 petition, which challenged his sentences for convictions on two counts of possession of ammunition by a convicted felon and one count of possession of cocaine base with intent to distribute. Specifically, in his petition, Morrison, relying on *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011), challenged his sentencing by the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-50572

Eastern District of North Carolina under the career offender guideline. In this court, Morrison repeats his claim that he was erroneously sentenced under the career offender guideline, arguing that the failure to correct the error will result in a miscarriage of justice and that he is entitled to relief under the savings clause of 28 U.S.C. § 2255 because the error was not discovered until after his conviction became final and the time for filing a timely § 2255 motion had passed.

We review the dismissal of a § 2241 petition de novo. *Pack v. Yusuff,* 218 F.3d 448, 451 (5th Cir. 2000). Because Morrison attacks the legality of his sentence, he must meet the requirements of the savings clause of § 2255(e) to raise his claims in a § 2241 petition. *See Kinder v. Purdy*, 222 F.3d 209, 212 (5th Cir. 2000). To satisfy the criteria of § 2255's savings clause, a prisoner must show that his claim is (i) "based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense" and that his claim was (ii) "foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). Morrison has not made the required showing.

Additionally, Morrison argues for the first time on appeal that the purported error in his presentence report, concerning the sentencing court's application of the career offender guideline, is a clerical error that can be corrected pursuant to Federal Rule of Criminal Procedure 36. We decline to consider this argument because it is raised for the first time on appeal. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999).

The judgment of the district court is AFFIRMED.