# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 14-50676
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 9, 2015

Lyle W. Cayce
Clerk

————

KIRBY LOREN AMLEE,

Petitioner-Appellant

v.

UNITED STATES OF AMERICA,

Respondent-Appellee

————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:14-CV-42

————

Before DENNIS, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Kirby Loren Amlee, federal prisoner # 23419-057, filed a purported 28 U.S.C. § 2241 petition challenging his guilty plea convictions and 63-month sentence for theft of governmental property, transportation of ammunition by a prohibited person, and transportation of stolen property through interstate commerce. The district court determined that the claims raised in Amlee's petition arose under 28 U.S.C. § 2255 and that Amlee had not established that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

he was entitled to proceed under the savings clause of § 2255(e), which allows a federal prisoner to challenge his conviction under § 2241 if the remedies provided under § 2255 are "inadequate or ineffective to test the legality of his detention." Accordingly, the district court dismissed the § 2241 petition for lack of jurisdiction, and Amlee now requests leave from this court to proceed in forma pauperis (IFP) on appeal. He also requests a certificate of appealability (COA), but no COA is required to proceed on appeal in a § 2241 proceeding, *see Padilla v. United States*, 416 F.3d 424, 425 (5th Cir. 2005), and the COA motion is therefore DENIED as unnecessary.

To proceed IFP on appeal, Amlee must show that he is a pauper and that he will raise a nonfrivolous issue on appeal. *See* FED. R. APP. P. 24(a)(5); *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). A petitioner seeking to establish that his § 2255 remedy was inadequate or ineffective must make a claim (i) "based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense" that (ii) "was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). We review a district court's dismissal of a § 2241 petition de novo. *Kinder v. Purdy*, 222 F.3d 209, 212 (5th Cir. 2000).

Amlee concedes that he cannot meet the standard set forth in *Reyes-Requena*, but he asserts that he is actually innocent of the sentencing enhancements that were applied in his case and that the refusal to allow him to bring his claims under § 2241 would thus result in a miscarriage of justice. Unlike a claim that one has been convicted of a nonexistent offense or that one is actually innocent of the crime of conviction, a claim that one is actually

No. 14-50676

innocent of a sentencing enhancement is not one that may be brought under § 2255's savings clause. *See Kinder*, 222 F.3d at 213-14.

In light of the foregoing, Amlee has identified no nonfrivolous issue for appeal. His IFP motion is DENIED, and the appeal is DISMISSED. *See Baugh v. Taylor*, 117 F.3d 197, 202 & n.24 (5th Cir. 1997); *Carson*, 689 F.2d at 586; 5TH CIR. R. 42.2.