# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

July 16, 2015

Lyle W. Cayce
Clerk

No. 14-40557
Summary Calendar

COLLIE LEE WILLIAMS,

Petitioner-Appellant

v.

WARDEN USP BEAUMONT,

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:14-CV-122

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges:

STEPHEN A. HIGGINSON, Circuit Judge:[*]

Collie Lee Williams, federal prisoner # 81586-004, appeals the district court's dismissal of his 28 U.S.C. § 2241 petition challenging his total 264-month prison sentence for (1) possessing with intent to distribute crack cocaine, (2) using and carrying a firearm during and in relation to a drug trafficking offense, and (3) being a felon in possession of a firearm. Williams also moves for a stay of these proceedings pending either a determination of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the retroactivity of *Descamps v. United States*, 133 S. Ct. 2276 (2013), or a decision in the rehearing of *Spencer v. United States*, 727 F.3d 1076, 1087 (11th Cir. 2013).[1]

Williams argues that, in light of the Supreme Court's recent holdings in *Moncrieffe v. Holder*, 133 S. Ct. 1678 (2013), and *Descamps*, his previous state convictions for strong armed robbery and possession of cocaine did not qualify as predicate offenses for purposes of the Armed Career Criminal Act (ACCA), and, therefore, the district court erroneously sentenced him to a mandatory statutory minimum. Williams also argues that he is entitled to invoke the savings clause of 28 U.S.C. § 2255 because (1) there was a "fundamental error" in his criminal proceedings, (2) § 2255 is invalid because the cases upon which he now relies were not available on direct review or during his initial collateral attack, and (3) any remedy under § 2255 would be inadequate to test the legality of his detention because his motion would be barred as second or successive.

We review a district court's dismissal of a § 2241 petition de novo. *Kinder v. Purdy*, 222 F.3d 209, 212 (5th Cir. 2000). Because § 2241 is not a substitute for § 2255, a "section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000). A § 2241 petition that attacks custody resulting from a federally imposed sentence may be entertained under the savings clause of § 2255 only if the petitioner establishes that the remedy provided under § 2255 is "inadequate or ineffective" to test the legality of his detention. 28 U.S.C. § 2255(e); *see also Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000). To demonstrate that the remedy provided under

---

[1] Since Williams filed his motion for a stay, the Eleventh Circuit has issued its en banc opinion in *Spencer v. United States*, 773 F.3d 1132 (11th Cir. 2014) (en banc).

No. 14-40557

§ 2255 is inadequate or ineffective, Williams must establish that his claim is (i) "based on a retroactively applicable Supreme Court decision which establishes that [he] . . . may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in [his] . . . trial, appeal, or first § 2255 motion." *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

The first "factor requires that a retroactively applicable Supreme Court decision establish that the petitioner is actually innocent," meaning that he "may have been imprisoned for conduct that was not prohibited by law." *Jeffers v. Chandler*, 253 F.3d 827, 830–31 (5th Cir. 2001) (internal quotation marks and citation omitted). Williams's assertions that the district court erred in sentencing him as a career offender do not meet this standard. His claim challenges the assessment of predicate offenses; it does not argue that he is actually innocent of the offense for which he was convicted. *See Padilla v. United States*, 416 F.3d 424, 427 (5th Cir. 2005); *Kinder*, 222 F.3d at 214. Additionally, a remedy under § 2255 is not inadequate or ineffective based solely on the fact that Williams's previous § 2255 motion was unsuccessful or because any of Williams's subsequently filed § 2255 motions will likely be classified as successive and, thus, barred. *See Jeffers*, 253 F.3d at 830; *Kinder*, 222 F.3d at 213.

Accordingly, the district court's judgment is AFFIRMED. Furthermore, as Williams does not claim to be innocent of the crimes for which he was convicted and, thus, cannot satisfy the savings clause, *see Reyes-Requena*, 243 F.3d at 904, his motion for a stay is DENIED as unnecessary.`