# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-40035
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 9, 2018

Lyle W. Cayce
Clerk

CARL HASKELL,

Petitioner-Appellant

v.

CHARLES A. DANIELS, Warden,

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:14-CV-248

Before HIGGINBOTHAM, JONES, and SMITH, Circuit Judges.

PER CURIAM:*

Carl Haskell, federal prisoner # 09108-031, was convicted of conspiracy to murder a federal witness and murder of a federal witness and was sentenced to life imprisonment. He previously sought relief under 28 U.S.C. § 2255, which was denied. Haskell now appeals the district court's dismissal of his 28 U.S.C. § 2241 petition. Our review is de novo. *See Kinder v. Purdy*, 222 F.3d 209, 212 (5th Cir. 2000).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-40035

As Haskell's claims challenge the legality of his sentence and not the manner of its execution, § 2255 and not § 2241 provides the statutory basis for his plea for relief. *Tolliver v. Dobre*, 211 F.3d 876, 877-78 (5th Cir. 2000). He may, however, attack the validity of his conviction in a § 2241 petition if he can meet the requirements of § 2255's savings clause. *Kinder*, 222 F.3d at 212; § 2255(e). To do so, he must establish that his claims: (1) are "based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense," and (2) that the claims were "foreclosed by circuit law at the time when the claim[s] should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

Haskell asserts that two cases—*Arthur Anderson LLP v. United States*, 544 U.S. 696 (2005), and *Fowler v. United States*, 563 U.S. 668 (2011)—establish that the conduct for which he was convicted was not criminal. *Arthur Anderson* predated his § 2255 motion and therefore may not be urged in a § 2241 challenge in connection with the § 2255(e) savings clause. *See Garland v. Roy*, 615 F.3d 391, 394 (5th Cir. 2010). As for *Fowler*, Haskell fails to demonstrate that he "may have been convicted of a nonexistent offense," *Reyes-Requena*, 243 F.3d at 904, because the offense discussed in *Fowler* is not actually Haskell's offense of conviction.

Finally, to the extent Haskell asserts an actual innocence claim, this appears to be premised solely on his argument, rejected above, that his conduct was rendered non-criminal by the holdings in *Fowler* and *Arthur Anderson*. Haskell has not shown that the actual innocence gateway has been extended to allow a petitioner to challenge his conviction and sentence in a § 2241 petition even though he cannot meet the requirements of § 2255 savings clause. *See Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000).

No. 17-40035

AFFIRMED.