# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-10739
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 24, 2018

Lyle W. Cayce
Clerk

RICHARD CLARK,

Petitioner-Appellant

v.

D.J. HARMON, Warden of FCI Seagoville,

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:17-CV-670

Before REAVLEY, GRAVES, and HO, Circuit Judges.

PER CURIAM:[*]

Richard Clark, federal prisoner # 10560-062, appeals the denial of his 28 U.S.C. § 2241 petition wherein he attacked his prior conviction in the Northern District of Oklahoma for conspiracy to commit wire fraud, securities fraud, and money laundering; seven counts of wire fraud; five counts of securities fraud; and money laundering. The district court for the Northern District of Texas, where Clark is incarcerated, found that Clark failed to meet

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-10739

the requirements of the savings clause of 28 U.S.C. § 2255(e).  We review the denial of Clark's petition de novo.  *Christopher v. Miles*, 342 F.3d 378, 381 (5th Cir. 2003).

A prisoner may use § 2241 to challenge his conviction only if the remedy under § 2255 is inadequate or ineffective to contest the legality of his detention. § 2255(e).  A § 2241 petition is not a substitute for a § 2255 motion, and Clark must establish the inadequacy or ineffectiveness of a § 2255 motion by meeting the "savings clause" of § 2255.  *See* § 2255(e); *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001); *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).  Under that clause, Clark must show that his petition raises a claim based on a retroactively applicable Supreme Court decision that supports that he may have been convicted of a nonexistent offense and that the claim was foreclosed when it should have been raised in his trial, direct appeal, or original § 2255 motion.  *Reyes-Requena*, 243 F.3d at 904.

Clark admits that he does not rely on a retroactively applicable Supreme Court decision implicating his criminal conviction.  He nonetheless argues that he may proceed under § 2241 because he exhausted the opportunities for relief under § 2255, and he has not obtained a merits review of all of his claims.  He suggests that his ability to pursue § 2255 relief has been suspended.

The inability of Clark to obtain relief or the alleged failure of the courts to consider the merits of a claim does not, by itself, demonstrate the inadequacy or ineffectiveness of § 2255.  *See Pack v. Yusuff*, 218 F.3d 448, 453-54 (5th Cir. 2000); *Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000).  Section 2241 is not a means for a prisoner to contest a prior disposition of a federal habeas petition, *see Kinder v. Purdy*, 222 F.3d 209, 214 (5th Cir. 2000), and an alleged defect in a previous § 2255 proceeding does not implicate the savings clause, *see Reyes-Requena*, 243 F.3d at 903-04.  Contrary to his assertion, Clark's opportunity to

No. 17-10739

seek federal habeas relief was not suspended. *See Wesson v. U.S. Penitentiary Beaumont, TX*, 305 F.3d 343, 346-47 (5th Cir. 2002); *Kinder*, 222 F.3d at 213.

Clark also attacks the requirements of the savings clause established in *Reyes-Requena* and suggests that its holding should be overturned. However, he has not identified a contrary en banc decision by this court or an intervening Supreme Court decision that overrules *Reyes-Requena* or establishes that its holding no longer is the governing precedent in this circuit. Thus, we remain bound by *Reyes-Requena*. *See United States v. Traxler*, 764 F.3d 486, 489 (5th Cir. 2014).

Finally, Clark contends that the denial of his § 2241 petition is invalid because the district court adopted a report issued by a magistrate judge (MJ). He alleges that the appointment of MJs is unconstitutional because no statute governs the establishment of a specific number of MJs' offices.

Consistent with the Appointments Clause of the Constitution, Article II, Section 2, Clause 2, Congress, by law, provided the judiciary control over the appointment and administration of MJs. Specifically, the Federal Magistrates Act, 28 U.S.C. § 631, et seq., states that the judges of each federal district court shall appoint MJs in such numbers and to serve at such locations as decided by the Judicial Conference of the United States and identifies the process and standards by which the number, locations, and salaries of MJs are determined. *See* 28 U.S.C. §§ 631, 633. There is no identifiable legal authority for Clark's claim that the statute is deficient for not establishing a specific number of MJs' offices. The MJ in this case otherwise had the authority to consider and issue a recommendation as to Clark's § 2241 petition. *See* 28 U.S.C. § 636(b)(1)(B).

Given the foregoing, the judgment of the district court is AFFIRMED.