# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 21, 2025

Lyle W. Cayce
Clerk

———————

No. 25-30218
Summary Calendar

———————

Gregory Charles Kapordelis,

*Petitioner—Appellant*,

*versus*

F. Martinez, *Warden*,

*Respondent—Appellee*.

———————————————————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:24-CV-724

———————————————————————

Before Barksdale, Graves, and Duncan, *Circuit Judges*.

Per Curiam:[*]

Gregory Charles Kapordelis, federal prisoner # 63122-053 and proceeding *pro se* in district court and on appeal, contests the dismissal, for lack of jurisdiction, of his 28 U.S.C. § 2241 habeas petition. He contends the court erred by: relying on an abrogated test for the saving clause of 28 U.S.C. § 2255(e); and concluding the saving clause does not apply. When, as in this

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

instance, a § 2241 petition is dismissed on the pleadings, our court reviews the dismissal *de novo*. *E.g.*, *Kinder v. Purdy*, 222 F.3d 209, 212 (5th Cir. 2000).

Kapordelis' § 2241 petition challenged: the validity of his convictions in the Northern District of Georgia for producing, receiving, and possessing child pornography; and the validity of his sentences, totaling 420-months' imprisonment. Because his § 2241 petition challenges trial and sentencing errors, it must be construed as a § 2255 motion. *Padilla v. United States*, 416 F.3d 424, 426 (5th Cir. 2005). A § 2255 motion must be filed with the sentencing court. *E.g.*, *Ojo v. I.N.S.*, 106 F.3d 680, 683 (5th Cir. 1997).

Otherwise, to avoid dismissal, the petition must satisfy the saving clause by showing "unusual circumstances make it impossible or impracticable to seek relief in the sentencing court". *Jones v. Hendrix*, 599 U.S. 465, 478 (2023). Along that line, Kapordelis correctly contends the court applied an abrogated-saving clause test. *See id* at 477–78 (abrogating test provided in *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001)). Nonetheless, he fails to make the requisite showing for relief.

He contends the following occurred during his § 2255 proceeding in his sentencing court: the sentencing-court judge never addressed his recusal motion; and the eleventh circuit denied his certificate of appealability (COA) without addressing the recusal issue. Even if the sentencing court did not address his recusal motion, "all claims not disposed of explicitly in a judgment are considered to have been implicitly rejected by the district court". *Soffar v. Dretke*, 368 F.3d 441, 470 (5th Cir. 2004), *amended on reh'g in part*, 391 F.3d 703 (5th Cir. 2004). Accordingly, his petition challenges the sentencing court's implicit rejection of his recusal motion. And, a prior-unsuccessful § 2255 proceeding is insufficient to satisfy § 2255(e). *Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000).

No. 25-30218

Even if the eleventh circuit erred by denying a COA on the recusal issue, "the saving clause is concerned with the adequacy or effectiveness of the remedial *vehicle*" and not with "any court's asserted errors of law". *Jones*, 599 U.S. at 480–81 (emphasis in original). Our court "do[es] not sit to review decisions" of other circuits or district courts relating to denial of § 2255 motions. *Pack v. Yusuff*, 218 F.3d 448, 454 (5th Cir. 2000).

AFFIRMED.